E. Crystal Lopez (SBN 296297)
eclopez@blankrome.com
BLANK ROME, LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3461
Facsimile:  424.239.3851

Amir M. Shiva (SBN 304142)
ashiva@blankrome.com
Keith A. Rutherford  (pro hac vice pending)
krutherford@BlankRome.com
Louis Brucculeri (pro hac vice pending)
lbrucculeri@BlankRome.com
Stephen E. Edwards (pro hac vice pending)
sedwards@BlankRome.com
Domingo M. LLagostera (pro hac vice pending)
dllagostera@BlankRome.com
BLANK ROME, LLP
717 Texas Ave., Suite 1400
Houston, TX 77002
Telephone:  713.228.6601
Facsimile:  713.402.7642

Attorneys for Plaintiff OpenTV, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| OPENTV, INC., | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT FOR PATENT** |
| | ) **INFRINGEMENT** |
| HULU, LLC, | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |
| | ) |

**ORIGINAL COMPLAINT**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff OpenTV, Inc. ("OpenTV"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendant Hulu, LLC ("Hulu"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement.  OpenTV alleges that Hulu infringes the following OpenTV United States Patents, which are attached hereto as Exhibits A-G  (collectively "the OpenTV Patents"):

- U.S. Patent No. 5,778,181 ("the '181 Patent")
- U.S. Patent No. 6,606,746 ("the '746 Patent")
- U.S. Patent No. 7,028,327 ("the '327 Patent")
- U.S. Patent No. 7,243,139 ("the '139 Patent")
- U.S. Patent No. 7,421,729 ("the '729 Patent")
- U.S. Patent No. 7,949,722 ("the '722 Patent")
- U.S. Patent No. 8,621,541 ("the '541 Patent")

2.     OpenTV alleges that Hulu directly and indirectly infringes the OpenTV Patents by making, using, offering for sale, and selling its online video services. OpenTV seeks damages, injunctive and other relief for Hulu's infringement of the OpenTV Patents.

## THE PARTIES

3.     Plaintiff OpenTV is a Delaware corporation with its principal place of business at 275 Sacramento St., Ste. SI1, San Francisco, California, 94111.

4.     Upon information and belief, Defendant Hulu, LLC is a Delaware limited liability company with a principal place of business at 2500 Broadway, 2nd Floor, Santa Monica, California 90404.

**ORIGINAL COMPLAINT**

## JURISDICTION AND VENUE

5.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.     This Court has both general and specific personal jurisdiction over Hulu.   Hulu conducts continuous and systematic business in Santa Monica, California, which is within the jurisdiction of the Central District of California (Western Division).  Hulu's headquarters are located in Santa Monica.  Moreover, OpenTV's claims of patent infringement against Hulu arise out of Hulu's contacts with Santa Monica.  OpenTV accuses Hulu of patent infringement for making, using, offering for sale, and selling features in Hulu's online video streaming services. Those video services are either directed from or provided out of Santa Monica.

7.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Hulu is headquartered in Santa Monica and has committed acts of infringement in Santa Monica, which is within the jurisdiction of the Central District of California (Western Division).

## BACKGROUND

### A. OpenTV

8.     OpenTV is a U.S. subsidiary company of Kudelski SA. Kudelski SA and its subsidiaries, including OpenTV, make up the various companies of The Kudelski Group. The history of The Kudelski Group is one highlighted by 60 years of innovation, award winning products, and loyal, long-term customers who entrust The Kudelski Group with their business. Today, The Kudelski Group is a major employer in the United States, Europe, Asia, and elsewhere, providing jobs in manufacturing, engineering, research and development, marketing, sales, and many other specialties.

9.     The Kudelski Group was founded in 1951 by Stefan Kudelski, successfully launching portable recording devices for cinema, TV, and radio

**ORIGINAL COMPLAINT**

recording.  The success of its products allowed The Kudelski Group to expand its technology into the digital television domain.  In 1989, The Kudelski Group launched its first conditional access systems for pay TV.  Over the next 10 years (1990-1999) The Kudelski Group continued to expand its technology development in the digital TV space, providing global, universally compatible solutions to manage, organize, enhance, market, and secure digital content.  Today, The Kudelski Group is led by Stefan's son Andre Kudelski, and Andre Kudelski has led the company into an era where digital television is The Kudelski Group's core business.

10.    Throughout his career, Stefan Kudelski received numerous awards and honors for his technological achievements.  For example, Mr. Kudelski received four Oscars from the Academy of Motion Picture Arts and Sciences: three Scientific or Technical Awards in 1965, 1977, 1978, and the Gordon E. Sawyer Award in 1990.  Mr. Kudelski also received two Emmy Awards, as well as Gold Medals from L. Warner, Audio Engineering Society, Lyra and Eurotechnica.  Mr. Kudelski was also recognized by the FBI for his technology contribution in audio recording.

11.    The Kudelski Group has made numerous corporate and technology acquisitions in the digital TV space, including acquiring Plaintiff OpenTV.

12.    OpenTV is headquartered in San Francisco, California, has offices throughout the world, and employs hundreds of people worldwide, including more than 120 in the United States.  OpenTV develops software that provides its customers with high quality technology, services, and end-to-end solutions enabling intuitive and personalized viewing experiences for consumers.  OpenTV's software solutions enable a variety of advanced and interactive services for television, including advanced user interfaces, video-on-demand ("VOD"), personal video recording ("PVR"), high-definition ("HD"), interactive and addressable advertising, and a variety of enhanced television applications.  OpenTV's software has been shipped in over 200 million set-top boxes.  OpenTV has 80 worldwide customers that run OpenTV solutions, including 40 OEMs.

**ORIGINAL COMPLAINT**

2em

13.     OpenTV's success as a member of The Kudelski Group is due in large part to its worldwide emphasis on intellectual property. OpenTV benefits from one of the earliest and broadest patent portfolios in the industry.  OpenTV's patented technology has been vital in allowing OpenTV's customers to accelerate technological progress, enhance market opportunities, and improve profitability.  To date, OpenTV owns over 770 issued patents worldwide.

14.     OpenTV is the owner of all right title and interest in the OpenTV Patents.  The OpenTV Patents cover various key technologies in online digital television services.

**B. Hulu**

15.     Upon information and belief, Hulu was formed in early 2006.  In 2008 Hulu publicly launched its first free online video services via its website www.hulu.com.   Hulu's non-subscription video services included streaming syndicated television shows with limited advertising interruptions.  Hulu's non-subscription services were and are still today only accessible through PCs and laptops.

16.     In late 2010, Hulu launched its first subscription service, which initially included next-day access to current television shows and access to entire seasons of television shows with limited advertising interruptions.  Hulu's subscription services later added streaming of a wide selection of television shows, movies, clips, and other online video content.  Hulu's subscription services were and are still today accessible through a wide variety of electronic devices, including at least PCs, laptops, set-top boxes, smart TVs, gaming consoles, and mobile devices.

17.     OpenTV alleges that Hulu has infringed and infringes the OpenTV Patents by making, using, offering to sell, and selling online video services that infringe one or more claims of the OpenTV Patents.  Such infringing video services, include but are not limited to, subscription free video streaming, video streaming with limited commercials, video streaming with no commercials, and licensing its

video streaming platform for use on third party websites (hereafter collectively "Hulu Online Services").

18.   More specifically, Hulu infringes the OpenTV Patents by providing certain features in its Hulu Online Services, such as the ability to extract and display online information (e.g., face matching), receive and display content ratings, display material based on user profiles, and interrupt streaming to display additional content (e.g., advertisements).  Such features are an integral part of Hulu's revenue and profit generating model based on both subscription and advertising fees.

19.   Hulu advertises to its customers the Hulu face match feature.



20.   Advertising companies are encouraged to provide their advertisements through Hulu because the advertisements cannot be skipped by end users.

**ORIGINAL COMPLAINT**

21.     All of the OpenTV Patents have been published and publicly accessible at least since their issue dates.  By letter dated July 14, 2014, OpenTV put Hulu on notice of infringement under § 287 for the following patents:  5,778,181; 7,028,327; 7,243,139; 7,949,722; and 8,621,541.

## COUNT 1:  INFRINGEMENT OF THE '181 PATENT

22.     The allegations of paragraphs 1-21 of this Complaint are incorporated by reference as though fully set forth herein.

23.     OpenTV owns by assignment the entire right, title, and interest in the '181 Patent.

24.     The '181 Patent was issued by the United States Patent and Trademark Office on July 7, 1998 and is entitled "Enhanced video programming system and method for incorporating and displaying retrieved integrated internet information segments."  A true and correct copy of the '181 Patent is attached hereto as Exhibit A.

25.     The '181 Patent is valid and enforceable under the laws of the United States.

26.     A person of ordinary skill in the art reading the '181 Patent understands that the patent's disclosure and claims are rooted in computer-implemented complex operations that require complex computer hardware and software technologies that can be used to overcome the problem of how to present relevant Internet information in context with video content in a synchronous and time specific manner.  By way of example, such complex technology can be used to integrate video content (e.g., television shows) with information resources on the Internet (e.g., web pages).  As an example, a video content provider can use specialized computer hardware and software to send video content over the Internet to a consumer electronic device.  The video content programming information can be embedded with uniform resource locators (URLs), which are addresses that provide file paths to Internet files, such as web pages.  The video content can be displayed on the consumer

electronic device via specialized interface software.  The specialized software interface displays the video content, and also decodes the URLs and directs a web browser to retrieve from the Internet whatever resources are identified by the URLs, such as web pages.  The specialized software interface can then display both the video content and the information resources on the consumer electronic device.  As reflected in exemplary claim 3, video programming can be received with one or more URLs that specify Internet addresses, the URLs can be extracted and interpreted, and resources associated with the Internet addresses can be retrieved and displayed in synch with the video content.

27.   Hulu has directly infringed and is directly infringing at least claim 3 of the '181 Patent in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services.  Furthermore, to receive the benefit of Hulu Online Services, users may be required to perform one or more actions, to the extent user actions are considered to meet steps of the patented method, Hulu maintains full control over the manner or timing of the infringing steps.

28.   Upon information and belief, one or more Hulu Online Services, alone or in combination with Hulu devices, meets all the elements of exemplary claim 3 as it includes a media player that can stream video files and access Internet content.  For example, a user can select an actor's image during video streaming.  In response, the player selects a URL link embedded with, or associated in location and time with, the video programming, and retrieves a summary of the displayed actor from the associated link that provides additional links and access to further Internet content relating to the actor or actress.  Both the video and the content are displayed.



29.     Hulu has indirectly infringed, and is indirectly infringing, at least claim 3 of the '181 Patent in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services. Hulu induces its customers to infringe one or more claims of the '181 Patent at least by encouraging them to use the Hulu Online Services, alone or in combination with Hulu devices or the users' devices, in an infringing manner.  For example, Hulu provides its customers considerable information about its infringing Face Match feature on its technology blog at www.hulu.com/labs/tagging, including instructing its customers how to enable and use the Face Match feature when viewing Hulu streaming content through the Hulu Online Services. Hulu has been aware of the '181 Patent since at least July 14, 2014 by way of actual notice of infringement, and also by way of OpenTV's assertion that Hulu infringes that patent at the time of the filing of this Complaint.  The Hulu Online Services are specially made and adapted to infringe the '181 Patent, are not staple articles of commerce, and have no substantial non-infringing uses.  Hulu contributorily infringes one or more claims of the '181 Patent by offering for sale or selling its Hulu Online Services.

**ORIGINAL COMPLAINT**

30.    Hulu's infringement of the '181 Patent has been and continues to be willful and deliberate. Hulu has been on notice of its infringement of the '181 Patent since at least July 14, 2014. However, Hulu continued to make, use, sell, and offer to sell the Hulu Online Services despite an objectively high likelihood that its actions constituted infringement of the '181 Patent.

31.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 2:  INFRINGEMENT OF THE '746 PATENT

32.    The allegations of paragraphs 1-31 of this Complaint are incorporated by reference as though fully set forth herein.

33.    OpenTV owns by assignment the entire right, title, and interest in the '746 Patent.

34.    The '746 Patent was issued by the United States Patent and Trademark Office on August 12, 2003, and is entitled "Interactive television system and method for displaying a graphical user interface using insert pictures."  A true and correct copy of the '746 Patent is attached hereto as Exhibit B.

35.    The '746 Patent is valid and enforceable under the laws of the United States.

36.    A person of ordinary skill in the art reading the '746 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of how to efficiently deliver a customizable user interface selectively configured from one or more graphic slices.  As an example, a video content provider can use specialized computer hardware and software (e.g., encoder and multiplexer) to generate audiovisual content that includes background pictures or images and still images or overlays that are designed to be overlaid on the background picture.  The still images or overlays can represent portions of a customizable graphical user interface.  These images or overlays can

be compressed and later decoded on a receiving device and used to display the customized graphic user interface. As reflected in exemplary claim 1, a video system provides video content including a compressed background picture with one or more non-replacement slices and replacement slices, and an insert picture having one or more slices. A receiving device receives and discards a replacement slice in the background picture and displays an insert picture slice concurrently with the background picture.

37.    Hulu has directly infringed, and is directly infringing, at least claim 1 of the '746 Patent in violation of 35 U.S.C. § 271 *et seq*., by making and using in the United States without authority its Hulu Online Services.  Furthermore, to receive the benefit of Hulu Online Services, users may be required to perform one or more actions, to the extent user actions are considered to meet steps of the patented method, Hulu maintains full control over the manner or timing of the infringing steps.

38.    Upon information and belief, one or more Hulu Online Services meets all the elements of exemplary claim 1 as it is provided with a page that includes unreplaceable slices and replaceable slices.  The star ratings include unreplaceable items, such as the gray stars and the ratings stars in green that change for each movie based on user rating.



39.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 3:  INFRINGEMENT OF THE '327 PATENT

40.    The allegations of paragraphs 1-39 of this Complaint are incorporated by reference as though fully set forth herein.

41.    OpenTV owns by assignment the entire right, title, and interest in the '327 Patent.

42.    The '327 Patent was issued by the United States Patent and Trademark Office on April 11, 2006, and is entitled "Using the electronic program guide to synchronize interactivity with broadcast programs."  A true and correct copy of the '327 Patent is attached hereto as Exhibit C.

43.    The '327 Patent is valid and enforceable under the laws of the United States.

44.    A person of ordinary skill in the art reading the '327 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of how to synchronize a user's interaction with the video content experience.  By way of example, such complex technology can be used to synchronize an interactive software application with a video program.  As an example, a video content provider can use specialized computer hardware and software to provide timing offset information that correlates a video program with the appropriate timing offsets.  Timing offset information may contain a list of trigger times in addition to indicators or other instructions that indicate elements of the interactive software application that are to be executed, terminated, run for a duration, suspended, resumed, or triggered by a processor at a particular time of the presentation of the video content.  Such data is then received by a consumer electronic device (e.g. a personal computer) to control execution of the interactive application.  The consumer electronic device interprets the timing offset information, for example, to suspend/resume execution of the interactive application at appropriate times.  As reflected in exemplary claim 13, a computer can control the

operation of an interactive application by determining with an electronic program guide an interactive application associated with a  video program, controlling the interactive application to maintain synchrony with a display of the video program using timing offsets, using the timing offsets to determine breaks in the program content, and suspending the interactive application at the start of a break, and resuming the interactive application at the end of the break.

45.     Hulu has directly infringed, and is directly infringing, at least claim 13 of the '327 Patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services where ads are provided in conjunction with streaming video content that must be viewed by the user.

46.     Upon information and belief, one or more Hulu Online Services meets all the elements of exemplary claim 13 as it provides an interactive control bar during display of a video program.  Advertisement breaks are identified in the control bar by timing offsets.  When a timing offset is reached an advertisement plays. During the advertisement, at least the fast forward feature in the control bar is suspended. At the conclusion of the advertisement, the video program resumes and the interactive control bar features are re-enabled until another timing offset is reached.



47.     Hulu has indirectly infringed, and is indirectly infringing at least claim 13 of the '327 Patent in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services.  Hulu induces its customers to infringe one or more claims of the '327 Patent by encouraging them to use the Hulu Online Services, alone or in combination with Hulu devices or the users' devices, in an infringing manner.  For example, at least on its website at www.hulu.com/help/articles/26164956, and also on its homepage at www.hulu.com, Hulu encourages its users to sign up for its Limited Commercials plan.  Hulu incentivizes its customers to sign up for the Limited Commercials plan by offering it to users for a lesser monthly subscription price than its No Commercials plan.  Hulu users that sign up to the Limited Commercials plan are forced to view a modest amount of commercials while streaming video through Hulu's Online Services.  Hulu has been aware of the '327 Patent since at least July 14, 2014 by way of actual notice of infringement, and also by way of OpenTV's assertion that Hulu infringes that patent, at the time of the filing of this Complaint. The Hulu Online Services are specially made and adapted to infringe the '327 Patent,

**ORIGINAL COMPLAINT**

are not staple articles of commerce, and have no substantial non-infringing uses. Hulu contributorily infringes one or more claims of the '327 Patent by offering for sale or selling its Hulu Online Services.

48.    Hulu's infringement of the '327 Patent has been and continues to be willful and deliberate. Hulu has been on notice of its infringement of the '327 Patent since at least July 14, 2014. However, Hulu continued to make, use, sell, and offer to sell the Hulu Online Services despite an objectively high likelihood that its actions constituted infringement of the '327 Patent.

49.    Hulu will continue to infringe the claims of the '327 Patent unless enjoined.  Hulu's continuing acts of infringement are irreparably harming and causing damage to OpenTV.  OpenTV has no adequate remedy at law to redress Hulu's continuing acts of infringement.  The hardships that would be imposed upon Hulu by an injunction are less than those faced by OpenTV should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

50.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 4:  INFRINGEMENT OF THE '139 PATENT

51.    The allegations of paragraphs 1-50 of this Complaint are incorporated by reference as though fully set forth herein.

52.    OpenTV owns by assignment the entire right, title, and interest in the '139 Patent.

53.    The '139 Patent was issued by the United States Patent and Trademark Office on July 10, 2007, and is entitled "Enhanced video programming system and method for incorporating and displaying retrieved integrated Internet information segments."  A true and correct copy of the '139 Patent is attached hereto as Exhibit D.

54.    The '139 Patent is valid and enforceable under the laws of the United States.

**ORIGINAL COMPLAINT**

55.    A person of ordinary skill in the art reading the '139 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented methods that require complex computer hardware and software technologies that can be used to overcome the problem of how to present online content with video content in a time specific manner.  By way of example, such complex technology can be used to integrate video content (e.g., television shows) with information resources on the Internet (e.g., web pages).  As an example, a video content provider can use specialized computer hardware and software to send video content over the Internet to a consumer electronic device.  The video content programming can be embedded with uniform resource locators (URLs), which are addresses that provide file paths to Internet files, such as web pages.  The video content can be displayed on the consumer electronic device via specialized interface software.  URLs can be associated with time stamps that can indicate to a consumer electronic device when, during display of the video content, to display the Internet resources associated with the URLs.  The specialized software interface displays the video content, and also decodes the URLs and directs a web browser to retrieve from the Internet whatever resources are identified by the URLs, such as advertising.  The specialized software interface can then display both the video content and the information resources on the consumer electronic device.  As reflected in exemplary claim 8, a program signal can be provided by combining a program, an address, and timing indicia, transmitting the program signal to a user, and the address can be used to automatically retrieve and play online content in conjunction with the program based on the timing indicia.

56.    Hulu has directly infringed, and is directly infringing, at least claim 8 of the '139 Patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services, that provide either advertisements or Hulu's face matching feature.

**ORIGINAL COMPLAINT**

57. Upon information and belief, one or more Hulu Online Services meets all the elements of exemplary claim 8 as it encodes a video program that includes



timing indicia that identify advertisement breaks. When the video program reaches the timing marker, the program is paused for an advertisement break. The video program information, timing indicia, and online address information is encoded and sent for receipt by a Hulu media player such that the information included in the video program can be used by the media player to retrieve online content from a uniform resource locator (URL) address to obtain an advertisement from an online source.

58. Furthermore, upon information and belief, one or more Hulu Online Services encodes a video program that includes timing indicia to display information related to the actors or actresses in a scene. A user can select an actor's image during video streaming. In response, the player can use the information sent from the servers to select a URL link included with, or associated in location and time with, the video programming, and retrieve a summary of the displayed actor or actress from the associated link, that provides additional links and access to further Internet content relating to the actor or actress.



59.    Hulu's infringement of the '139 Patent has been and continues to be willful and deliberate. Hulu has been on notice of its infringement of the '139 Patent since at least July 14, 2014.  However, Hulu continued to make, use, sell, and offer to sell the Hulu Online Services despite an objectively high likelihood that its actions constituted infringement of the '139 Patent.

60.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 5:  INFRINGEMENT OF THE '729 PATENT

61.    The allegations of paragraphs 1-60 of this Complaint are incorporated by reference as though fully set forth herein.

62.    OpenTV owns by assignment the entire right, title, and interest in the '729 Patent.

63.    The '729 Patent was issued by the United States Patent and Trademark Office on September 2, 2008, and is entitled "Generation and insertion of indicators using an address signal applied to a database."  A true and correct copy of the '729 Patent is attached hereto as Exhibit E.

64.     The '729 Patent is valid and enforceable under the laws of the United States.

65.     A person of ordinary skill in the art reading the '729 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of augmenting video content with indicators synchronized to the content.  By way of example, a video content provider can use specialized computer hardware and software to insert indicators into a video stream. An indicator can include ratings information, descriptive materials that describe the content of the video segment, graphic recognition of video images, etc.   Each indicator is stored in a database at a particular address.  Using specialized hardware and software, indicators are inserted into video content, which is then applied to an encoder.  A time code generator then generates a time code that is synchronized with the video content and numerically indicates the position of the video content (e.g., television show) that is applied to the encoder.  The time code is applied to an address generator that decodes the time code and generates a corresponding address signal, which is applied at an electronic database.  The database produces an output that corresponds to the information stored at a particular address.  The indicators are stored at select addresses within the database, and the addresses correspond to the locations at which those indicators can be accessed while the video content is displayed by a consumer electronic device.  As reflected in exemplary claim 1, indicators can be generated and inserted into a video stream by generating a time code signal that is synchronized with the video stream, applying the time code signal to an address generator that decodes the time signal and generates a corresponding address signal, applying the address signal to a database that stores indicators, accessing the indicators using the address signal, and encoding the video stream with the indicators.

**ORIGINAL COMPLAINT**

66.     Hulu has directly infringed, and is directly infringing, at least claim 1 of the '729 Patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services, that offer the face matching feature. Furthermore, to receive the benefit of Hulu Online Services, users may be required to perform one or more actions, to the extent user actions are considered to meet steps of the patented method, Hulu maintains full control over the manner or timing of the infringing steps.

67.     Upon information and belief, one or more Hulu Online Services meet all the elements of exemplary claim 1 as Hulu encodes and synchronizes sets of indicators with streaming video content in order to incorporate its Face Match feature into its Hulu Online Services.



68.     Hulu will continue to infringe the claims of the '729 Patent unless enjoined. Hulu's continuing acts of infringement are irreparably harming and causing damage to OpenTV. OpenTV has no adequate remedy at law to redress Hulu's continuing acts of infringement. The hardships that would be imposed upon Hulu by an injunction are less than those faced by OpenTV should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

69.     As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 6:  INFRINGEMENT OF THE '722 PATENT

70.     The allegations of paragraphs 1-69 of this Complaint are incorporated by reference as though fully set forth herein.

71.     OpenTV owns by assignment the entire right, title, and interest in the '722 Patent.

72.     The '722 Patent was issued by the United States Patent and Trademark Office on May 24, 2011, and is entitled "Enhanced video programming system and method utilizing user-profile information."  A true and correct copy of the '722 Patent is attached hereto as Exhibit F.

73.     The '722 Patent is valid and enforceable under the laws of the United States.

74.     A person of ordinary skill in the art reading the '722 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of identifying and selecting content based on user-profile groupings.  By way of example, a video content provider can use specialized computer hardware and software to track a user's activity through a site or service and maintain this activity information in the user's profile.  The specialized computer hardware and software also tracks other users' activity through the site or service maintaining that activity in their respective profiles.  Individual users can be grouped together based on similar user characteristics.  The specialized computer hardware and software uses these groupings to inherit attributes from grouped user profiles into another user's profile in order to identify and select content that may be of higher relevance to the user.  As reflected in exemplary claim 1, information can be compiled and routed to machines over networks by receiving user activity information to update a first user profile, specifying user profile

**ORIGINAL COMPLAINT**

1  information for determining a URI, and selecting content for another user based on

2  the first user profile to enhance an audio video program.

3  75.   Hulu has directly infringed, and is directly infringing, at least claim 1

4  of the '722 Patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, offering

5  for sale, and selling in the United States without authority its Hulu Online Services.

6  76.   Upon information and belief, one or more Hulu Online Services meets

7  all the elements of exemplary claim 1 as it generates user profiles based on user

8  information including a user's video preferences/viewing history. One's user profile

9  can also be updated based on other users' preferences/viewing history within the

10  same group (e.g., group of viewers who like a particular show).



22  77.   The one or more Hulu Online Services can recommend particular

23  videos to the user based on the user's updated user profile.

**ORIGINAL COMPLAINT**



78.     In another example, profile attributes of other users who also viewed the same content are inherited in the user's profile to recommend content.

79.     Hulu's infringement of the '722 Patent has been and continues to be willful and deliberate. Hulu has been on notice of its infringement of the '722 Patent

**ORIGINAL COMPLAINT**

since at least July 14, 2014.  However, Hulu continued to make, use, sell, and offer to sell the Hulu Online Services despite an objectively high likelihood that its actions constituted infringement of the '722 Patent.

80.    Hulu will continue to infringe the claims of the '722 Patent unless enjoined.  Hulu's continuing acts of infringement are irreparably harming and causing damage to OpenTV.  OpenTV has no adequate remedy at law to redress Hulu's continuing acts of infringement.  The hardships that would be imposed upon Hulu by an injunction are less than those faced by OpenTV should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

81.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 7:  INFRINGEMENT OF THE '541 PATENT

82.    The allegations of paragraphs 1-81 of this Complaint are incorporated by reference as though fully set forth herein.

83.    OpenTV owns by assignment the entire right, title, and interest in the '541 Patent.

84.    The '541 Patent was issued by the United States Patent and Trademark Office on December 31, 2013, and is entitled "Enhanced video programming system and method utilizing user-profile information."  A true and correct copy of the '541 Patent is attached hereto as Exhibit G.

85.    The '541 Patent is valid and enforceable under the laws of the United States.

86.    A person of ordinary skill in the art reading the '541 Patent understands that the patent's disclosure and claims are rooted in complex computer-implemented methods that require complex computer hardware and software technologies that can be used to overcome the problem of identifying and selecting content based on user-profile groupings.  By way of example, a video content provider can use specialized computer hardware and software to track a user's activity through a site or service

**ORIGINAL COMPLAINT**

and maintain this activity information in the user's profile. The specialized computer hardware and software also tracks other users' activity through the site or service maintaining that activity in their respective profiles. Individual users can be grouped together based on similar user characteristics. The specialized computer hardware and software uses these groupings to inherit attributes from grouped user profiles into another user's profile in order to identify and select content that may be of higher relevance to the user. As reflected in exemplary claim 1, information can be compiled and routed to a machine over a network by receiving user activity from the machine, updating a user profile based on the user activity, determining a URI based on the updated user profile, where the URI identifies audio video content to transmit to the machine and the audio video content is selected based on the user profile and at least one other user profile.

87. Hulu has directly infringed and is directly infringing at least claim 1 of the '541 Patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, and selling in the United States without authority its Hulu Online Services.

88. Upon information and belief, one or more Hulu Online Services meet all the elements of exemplary claim 1 as it generates user profiles based on user information including a user's video preferences/viewing history. One's user profile can also be updated based on other users' preferences/viewing history within the same group (e.g., group of viewers who like a particular show).

**ORIGINAL COMPLAINT**



89.     The one or more Hulu Online Services can recommend particular videos to the user based on the user's updated user profile.



90.     In another example, profile attributes of other users who also viewed the same content are inherited in the user's profile to recommend content.



91.    Hulu's infringement of the '541 Patent has been and continues to be willful and deliberate. Hulu has been on notice of its infringement of the '541 Patent since at least July 14, 2014.  However, Hulu continued to make, use, sell, and offer to sell the Hulu Online Services despite an objectively high likelihood that its actions constituted infringement of the '541 Patent.

92.    Hulu will continue to infringe the claims of the '541 Patent unless enjoined.   Hulu's continuing acts of infringement are irreparably harming and causing damage to OpenTV.  OpenTV has no adequate remedy at law to redress Hulu's continuing acts of infringement.  The hardships that would be imposed upon Hulu by an injunction are less than those faced by OpenTV should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

93.    As a result of Hulu's acts of infringement, OpenTV has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, OpenTV prays for the following relief:

**ORIGINAL COMPLAINT**

A.     A judgment that Hulu has infringed the '181 Patent, directly, or indirectly by inducement or contributory infringement;

B.     A judgment that Hulu has directly infringed the '746 Patent;

C.     A judgment that Hulu has infringed the '327 Patent, directly, or indirectly by inducement or contributory infringement;

D.     A judgment that Hulu has directly infringed the '139 Patent;

E.     A judgment that Hulu has directly infringed the '729 Patent;

F.     A judgment that Hulu has directly infringed the '722 Patent;

G.     A judgment that Hulu has directly infringed the '541 Patent;

H.     That for each of the '327, '722, and '541 Patents this Court judges infringed by Hulu this Court enter an order enjoining Hulu, its officers, agents, employees, and those persons in active concert or participation with any of them, and Hulu's successors and assigns, from continuing to infringe such Patents;

I.     That for each OpenTV Patent this Court judges infringed by Hulu, this Court award OpenTV its damages pursuant to 35 U.S.C. § 284;

J.     That for each of the '181, '327, '139, '722, and '541 Patents this Court judges infringed by Hulu this Court find that Hulu's infringement has been willful and increase the damages awarded to OpenTV to three times the amount assessed pursuant to 35 U.S.C. § 284;

K.     That this Court Hulu's infringement to be an exceptional case within the meaning of 35 U.S.C. § 285 and that OpenTV be awarded attorneys' fees;

L.     That this Court award OpenTV prejudgment and post-judgment interest on its damages;

M.     That this Court award OpenTV its costs; and

N.     That this Court award OpenTV such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, OpenTV demands a trial by jury for all issues so triable.

Dated: March 15, 2016

*/s/  E. Crystal Lopez*
E. Crystal Lopez

BLANK ROME, LLP

Counsel for Plaintiff
OPENTV, INC.

**ORIGINAL COMPLAINT**