| | |
|---|---|
| 1 | CLEMENT J. NAPLES (*admitted pro hac vice*) |
| 2 | clement.naples@lw.com<br>LATHAM & WATKINS LLP |
| 3 | 885 Third Avenue Suite 1000<br>New York, NY 10022 |
| 4 | Telephone: (212) 906.1200<br>Facsimile: (212) 751.4864 |
| 5 | RON E. SHULMAN, Bar No. 178263 |
| 6 | ron.shulman@lw.com<br>LATHAM & WATKINS LLP |
| 7 | 140 Scott Drive<br>Menlo Park, CA 94025 |
| 8 | Telephone: (650) 328.4600<br>Facsimile:  (650) 463.2600 |
| 9 | JULIE HOLLOWAY, Bar No. 196942 |
| 10 | julie.holloway@lw.com<br>LATHAM & WATKINS LLP |
| 11 | 505 Montgomery Street Suite 2000<br>San Francisco, CA 94111 |
| 12 | Telephone: (415) 391.0600<br>Facsimile: (415) 395.8095 |
| 13 | Attorneys for Defendant Hulu, LLC<br>(Additional counsel listed on signature page) |
| 14 | |

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| OPENTV, INC., | | Civil Action No. 2:16-cv-01785-AB-PJW |
| | Plaintiff, | **DEFENDANT HULU, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** |
| vs. | | |
| HULU, LLC, | | |
| | Defendants. | Date: July 11, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 2nd floor |
| | | Judge: Hon. André Birotte Jr. |
| | | Complaint filed March 15, 2016 |

## **TABLE OF CONTENTS**

**Page**

I.    LEGAL STANDARD ............................................................................... 1

II.   FACTUAL BACKGROUND ................................................................... 4

III.  ARGUMENT ............................................................................................. 5

IV.  CONCLUSION ....................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Asghari-Kamrani v. United Servs. Auto. Ass'n*,
   No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 48012 (E.D. Va. Mar. 22,
   2016) ................................................................................................... 2, 3, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................ 1, 5, 7, 9

*Atlas IP, LLC v. Exelon Corp.*,
   No. 15-C-10746, Slip op. (N.D. Ill. May 17, 2016) .................................. 4, 5

*Balistreri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1990) ......................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................. *passim*

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ..................................................................... 2

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ..................................................................... 2

*Incom Corp. v. The Walt Disney Co.*,
   No. 15-cv-3011, Slip Op. (C.D. Cal. Feb. 4, 2016) ...................................... 3

*Macronix Int'l Co. v. Spansion Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. 2014) ............................................................... 2

*Medsquire LLC v. Spring Med. Sys. Inc.*,
   No. 2:11-CV-04504, 2011 U.S. Dist. LEXIS 107416 (C.D. Cal.
   Aug. 31, 2011) .............................................................................................. 2

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
   499 F.3d 1284 (Fed. Cir. 2007) ................................................................... 10

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
   No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex.
   July 27, 2012) ............................................................................................... 3

*RainDance Techs., Inc. v. 10X Genomics, Inc.*,
   No. 15-152-RGA, 2016 U.S. Dist. LEXIS 33875 (D. Del. Mar. 4,
   2016) ................................................................................................................ 3, 7

*Twombly. Atlas IP LLC v. Pac. Gas & Elec. Co.*,
   No. 15-cv-05468-EDL, 2016 U.S. Dist. LEXIS 60211 (N.D. Cal.
   Mar. 9, 2016) ................................................................................................ 2, 3, 7

*Ziptronix, Inc. v. Omnivision Techs.*,
   No. C 10-5525 SBA, 2011 U.S. Dist. LEXIS 129275 (N.D. Cal.
   Nov. 8, 2011) ...................................................................................................... 10

**RULES**

Fed. R. Civ. P. 8(a) ....................................................................................................2, 7

Fed. R. Civ. P. Form 18 ................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

On March 15, 2016, Plaintiff OpenTV, Inc. filed its Complaint in this action against Hulu, LLC ("Hulu") alleging infringement of seven patents. A claim for patent infringement, however, arises only if an accused product or service meets each and every element of an asserted claim. But rather than allege *facts* that could support its claims of infringement, Plaintiff provides vague high-level descriptions of the accused products that are untethered to the elements of the asserted claims. These descriptions cannot take the place of factual allegations that lead to a reasonable inference that the asserted patents are infringed and provide Hulu with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The Court should reject Plaintiff's barebones allegations and dismiss the Complaint in its entirety.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of any pleading that "fail[s] to state a claim upon which relief can be granted." And the Supreme Court has made clear that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). It has further found that "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Put differently, plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Prior to December 1, 2015, patent infringement complaints had to comply only with the barebones pleading requirements of Form 18 of the Federal Rules of Civil Procedure to avoid dismissal. Form 18 required merely "a statement that

defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); Fed. R. Civ. P. Form 18. But this changed with the most recent amendments to the Federal Rules, which abrogated Form 18. Now, complaints alleging patent infringement must satisfy the more stringent standard set forth in *Iqbal* and *Twombly*. *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05468-EDL, 2016 U.S. Dist. LEXIS 60211, at *5 (N.D. Cal. Mar. 9, 2016).

To prove patent infringement, a plaintiff must show that the defendant "has practiced each and every element of the claimed invention." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007). To adequately **plead** patent infringement, therefore, a complaint must allege *facts* making it plausible that the accused products meet *each element* of the patent claims. *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 798-99 (E.D. Va. 2014) (requiring complaint to recite "the specific claim or claims which are alleged to be infringed, and the elements thereof that are alleged to be infringed by the allegedly infringing product, **and how that product is alleged to infringe those elements**."); *Medsquire LLC v. Spring Med. Sys. Inc.*, No. 2:11-CV-04504, 2011 U.S. Dist. LEXIS 107416, at *7 (C.D. Cal. Aug. 31, 2011) (dismissing complaint where "Plaintiff fails to include any facts identifying what aspect of the '[accused] system' infringes its patents."). Without such *facts*, it is simply not plausible to conclude that a patent is infringed. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that a complaint should be dismissed where there is an "absence of sufficient facts alleged under a cognizable legal theory.").

In addition, a complaint must "give the defendant fair notice of what the . . . claim is." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a). Fair notice generally requires the complaint to plead facts "specify[ing] which features of [the accused products] correspond to" each specific claim element. *Asghari-Kamrani v. United*

*Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 48012, at *9-10 (E.D. Va. Mar. 22, 2016). Without such facts, Defendants "cannot adequately respond to Plaintiffs' allegations of infringement" and a complaint should be dismissed. *Id.* "'[M]ore nebulous, less tangible inventions such as computer software methods' may require a higher degree of specificity to provide proper notice to the defendant." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *14 (E.D. Tex. July 27, 2012) (citations omitted).

In the six months since the rule change, courts across the country have dismissed patent infringement complaints that fail to allege facts about how the accused devices meet each of the claim elements. *See e.g., RainDance Techs., Inc. v. 10X Genomics, Inc.*, No. 15-152-RGA, 2016 U.S. Dist. LEXIS 33875, at *6 (D. Del. Mar. 4, 2016) (dismissing complaint where "[t]he requirements of the next to last element might be met, but involves quite a bit of supposition."); *Atlas IP*, 2016 U.S. Dist. LEXIS 60211, at *13 ("Because the complaint entirely fails to address this necessary element of claim 1, the claim fails as pled."); *Asghari-Kamrani*, 2016 U.S. Dist. LEXIS 48012, at *9-10 (granting motion to dismiss under *Iqbal*/*Twombly* standard where "Plaintiffs fail to specify which features of [defendant's] website correspond to the [claimed] Central- and External-Entities that their patent identifies").[1] Indeed, most recently, a court dismissed a patent

---

[1] While multiple courts analyzing the *Iqbal*/*Twombly* standard for direct infringement have required the plaintiff to provide "factual content" for each claim element, even judges that have not explicitly required as much still require the Complaint to plead "not only 'fair notice of what the…claim is,' but also 'the 'grounds' of his 'entitlement to relief.'" *Incom Corp. v. The Walt Disney Co.*, No. 15-cv-3011, Slip Op. at 4 (C.D. Cal. Feb. 4, 2016) (decided relatively shortly after rule change and allowing complaint where plaintiff identified a unique function of its patent and product, distinguished both over the prior art, "specifically identif[ied] Defendants' products and alleg[ed] that they perform the same unique function as Plaintiff's patented system"). A complaint, however, that fails to even

infringement complaint, holding:

> [F]actual allegations that do not permit a court to infer that the accused product infringes ***each element*** of at least one claim are ***not*** suggestive of infringement . . . Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element . . .

*Atlas IP, LLC v. Exelon Corp.*, No. 15-C-10746, Slip op. at 9 (N.D. Ill. May 17, 2016) (citations omitted).

## II.   FACTUAL BACKGROUND

On March 15, 2016, Plaintiff OpenTV, Inc. filed its Complaint in this action alleging that Hulu Online Services infringe the following seven patents:

- ➢ U.S. Patent No. 7,421,729 ("the '729 Patent"), entitled "Generation and insertion of indicators using an address signal applied to a database";
- ➢ U.S. Patent No. 6,606,746 ("the '746 Patent"), entitled "Interactive television system and method for displaying a graphical user interface using insert pictures";
- ➢ U.S. Patent No. 7,949,722 ("the '722 Patent"), entitled "Enhanced video programming system and method utilizing user-profile information";
- ➢ U.S. Patent No. 7,243,139 ("the '139 Patent"), entitled "Enhanced video programming system and method for incorporating and displaying retrieved integrated internet information segments";

---

address almost every limitation of an asserted claim (like the instant complaint) cannot possibly be sufficient under the *Iqbal*/*Twombly* standard.

- U.S. Patent No. 8,621,541 ("the '541 Patent"), entitled "Enhanced video programming system and method utilizing user-profile information";
- U.S. Patent No. 5,778,181 ("the '181 Patent"), entitled "Enhanced video programming system and method for incorporating and displaying retrieved integrated internet information segments"; and
- U.S. Patent No. 7,028,327 ("the '327 Patent"), entitled "Using the electronic program guide to synchronize interactivity with broadcast programs."

The Complaint's direct infringement allegations follow a consistent pattern. The allegation for each patent begins with a long paragraph describing the patent's purported invention. Compl. ¶¶ 26, 36, 44, 55, 65, 74, 86. The Complaint then includes a much shorter paragraph that baldly asserts, for each patent, that Hulu Online Services directly infringes "at least" one exemplary claim. *Id.* at ¶¶ 27, 37, 45, 56, 66, 75, 87. The Complaint concludes each allegation with a short high-level description of the accused functionality. *Id.* at ¶¶ 28, 38, 46, 57-58, 67, 76-78, 88-90. None of the allegations tie the elements of the asserted claims to the accused products.

## III. ARGUMENT

Plaintiff's Complaint has not alleged sufficient facts to state a plausible claim of patent infringement because it does not permit a court to infer that the accused products infringe each element of at least one claim. *Iqbal*, 556 U.S. at 678; *see also Atlas IP, LLC*, No. 15-C-10746, Slip op. at 9 (dismissing complaint because "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement"). Further, the Complaint's threadbare allegations do not provide Hulu with the "fair notice" required by the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Plaintiff's Complaint should be dismissed.

For example, claim 1 of the '729 patent requires at least five distinct limitations:

- generating a time code signal that is synchronized with the video stream;
- applying the time code signal to an address generator that decodes the time code signal and generates a corresponding address signal;
- applying the corresponding address signal to a database, said database storing a plurality of indicators;
- accessing a set of indicators that are stored in said database using said address signal as an address into said database; and
- encoding said video stream with said set of indicators accessed from said database using said address signal.

'729 patent at 12:59-13:5. The Complaint, however, includes just one substantive sentence purportedly addressing all of these limitations:

> Upon information and belief, one or more Hulu Online Services meet all the elements of exemplary claim 1 as Hulu encodes and synchronizes sets of indicators with streaming video content in order to incorporate its Face Match feature into its Hulu Online Services.

Compl. at ¶ 67.

The Complaint fails to allege a *single fact* regarding how the elements "time code signal," "address generator," "address signal," or "database storing a plurality of indicators" are met by the accused Hulu Online Services.[2] As a result, the Complaint is completely silent regarding at least four out of five claim limitations. And for the fifth limitation, requiring a "set of indicators," the Complaint includes

---

[2] As noted above, Plaintiff's direct infringement allegations include high-level descriptions of the accused products (*see, e.g.*, Compl. ¶¶ 28, 38, 46, 57-58, 67, 76-78, 88-90), but none of these allegations are tied to the claim elements.

no explanation about what the referenced "sets of indicators" correspond to within the Hulu Online Services or whether they are "access[ed] … using said address signal as an address into said database" as required by the claim. Based on these limited allegations, there is simply not enough information for the Court to draw a "reasonable inference that [Hulu] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Atlas IP*, 2016 U.S. Dist. LEXIS 60211, at *13 (finding that because the Complaint "entirely fails to address [a] necessary element of claim 1, the claim fails as pled.").

Nor is there enough information to provide Hulu with "fair notice," as required by Rule 8(a), because there are insufficient *facts* to guide Hulu on what within the accused products allegedly correspond to the claim elements. And Plaintiff's failure to allege any meaningful facts here is especially egregious in light of Plaintiff's nearly page-long contention that the '729 patent is "rooted in complex computer-implemented operations." Compl. at ¶ 65. Plaintiff cannot on the one hand contend that its patent is "complex," but then on the other refuse to provide any facts explaining how that "complex" invention is allegedly infringed. Hulu should not have to guess at how to respond to Plaintiff's infringement claims. *Twombly*, 550 U.S. at 570; *Asghari-Kamrani*, 2016 U.S. Dist. LEXIS 48012, at *9-10 (dismissing complaint where defendant could not "adequately respond to Plaintiffs' allegations of infringement").

The District of Delaware's opinion in *RainDance Techs., Inc.*, 2016 U.S. Dist. LEXIS 33875 is instructive. There, the asserted claim required "applying a same constant pressure" and "adjusting pressure." *Id.* at *4-5. In dismissing the complaint, the court stated that "[t]here is nothing in the complaint . . . that hints at the role of pressure in Defendant's products." *Id.* Thus, "Plaintiffs have not plausibly alleged any infringement." *Id.* at *7. The same result follows here. There is nothing in Plaintiff's complaint that "hints at the role of" a time code

signal, an address generator, an address signal, or a database storing a plurality of indicators in the accused products.

Plaintiff's allegations for the remaining patents fair no better. For instance, asserted claim 1 of the '746 patent requires at least nine distinct limitations:

- [a] video delivery system;
- providing a compressed background picture comprising a plurality of slices, wherein said plurality of slices includes a subset of one or more replacement slices configured to be replaced by slices of an insert picture, said replacement slices being positioned in the background picture where an insert picture is to appear; and
- providing one or more compressed insert pictures, each said insert picture comprising one or more slices, and wherein at least one of said compressed insert pictures represents at least a portion of a graphical element;
- the receiving device:
- receiving said compressed background picture and said one or more compressed insert pictures;
- decoding first slices of said plurality of slices of said background picture, responsive to determining said first slices are non-replacement slices;
- discarding second slices of said plurality of slices of said background picture, responsive to determining said second slices are replacement slices;
- decoding third slices corresponding to a first insert picture of said insert pictures; and
- displaying said decoded first and third slices concurrently.

'746 patent at 20:31-63. To purportedly satisfy these nine limitations, the Complaint alleges, in pertinent part, two sentences:

> Upon information and belief, one or more Hulu Online Services meets all the elements of exemplary claim 1 as it is provided with a page that includes unreplaceable slices and replaceable slices. The star ratings include unreplaceable items, such as the gray stars and the ratings stars in green that change for each movie based on user rating.

Compl. at ¶ 38.

This too is insufficient. Plaintiff's brief allegations do not even come close to matching the lengthy language of the asserted claim. The Complaint only seems to identify two possible types of slices: replaceable slices (green stars) and unreplaceable slices (gray stars). But the claim requires **three sets of slices** and requires, *inter alia,* certain slices to be decoded and other slices to be discarded. The Complaint is silent on these elements—it says nothing about how the two identified slices relate to the three slices required by the claims or how these slices are decoded and discarded. The Complaint thus fails to provide the factual content necessary to infer infringement of claim 1 of the '746 patent and fails to provide Hulu with "fair notice" of Plaintiff's claim. *Iqbal*, 556 U.S. at 678 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

With respect to the remaining patents, the Complaint is again entirely silent on at least one limitation for each "exemplary" asserted claim. For example, there is no factual allegation in the Complaint about how the accused products include "storing the first user profile information in a hierarchical attribute value-pair data structure" and "wherein the selected content is selected based on the first user profile and is used to enhance an audio video program" as required by claim 1 of the '722 patent. Compl. at ¶¶ 76-78. Without any allegations regarding these

1  limitations, Plaintiff's Complaint is necessarily implausible and fails to give the
2  required "fair notice of what the . . . claim is and the grounds upon which it rests."
3  *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted).

4        The same result follows for the other patents as well. For example, for the
5  '139 patent there are no factual allegations for the claim limitation "the address can
6  be used to automatically retrieve and play online content to the user in conjunction
7  with the program and the timing indicia controls when the address is used for
8  retrieving online content relating to the program into the programming signal" of
9  exemplary claim 8. Compl. at ¶¶ 57-58. For the '541 patent, there are no factual
10 allegations for the claim limitations "determining a uniform resource identifier for
11 identifying audio or video content to transmit to the machine based on the updated
12 user profile" and "storing the user profile in a hierarchical attribute value-pair data
13 structure" of exemplary claim 1. *Id.* at ¶¶ 88-90. For the '181 patent, there are no
14 factual allegations for the claim limitation "the Internet information segments are
15 synchronized to the video signal and displayed at predetermined times" of
16 exemplary claim 3. *Id.* at ¶ 28. And for the '327 patent, there are no factual
17 allegations for the claim limitation "determining, using an electronic program
18 guide, an interactive application associated with a broadcast program" of
19 exemplary claim 13. *Id.* at ¶ 46.

20       Plaintiff's threadbare direct infringement allegations do not pass muster
21 under the *Iqbal* and *Twombly* standard. And because direct infringement is a
22 necessary predicate to induced, contributory, and willful infringement claims,
23 those claims should be dismissed as well. *Mitutoyo Corp. v. Cent. Purchasing,*
24 *LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007); *Ziptronix, Inc. v. Omnivision Techs.*,
25 No. C 10-5525 SBA, 2011 U.S. Dist. LEXIS 129275, at *8-9 (N.D. Cal. Nov. 8,
26 2011). Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety.

27

28

## IV. CONCLUSION

For the foregoing reasons, Hulu respectfully request that its motion to dismiss be granted, and Plaintiff's Complaint be dismissed.

Dated:  May 20, 2016

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Bob Steinberg*
Bob Steinberg

ROBERT STEINBERG, Bar No. 126407
bob.steinberg@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 485.1234
Facsimile:  (213) 891.8763

CLEMENT J. NAPLES (*admitted pro hac vice*)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue Suite 1000
New York, NY 10022
Telephone: (212) 906.1200
Facsimile: (212) 751.4864

JULIE HOLLOWAY, Bar No. 196942
julie.holloway@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street Suite 2000
San Francisco, CA 94111
Telephone: (415) 391.0600
Facsimile: (415) 395.8095

RON E. SHULMAN, Bar No. 178263
ron.shulman@lw.com
S. GIRI PATHMANABAN, Bar No. 284802
giri.pathmanaban@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328.4600
Facsimile:  (650) 463.2600

| | |
|---|---|
| 1 | |
| 2 | JAMES R. BENDER (*pro hac vice pending*) |
|   | james.bender@lw.com |
| 3 | LATHAM & WATKINS LLP |
|   | 555 Eleventh Street NW Suite 1000 |
| 4 | Washington, DC 20004 |
|   | Telephone: (202) 637.2200 |
| 5 | Facsimile: (202) 637.2201 |
| 6 | |
|   | Attorneys for Defendant |
| 7 | HULU, LLC |