Shirley Leung (SBN 252838)
sleung@blankrome.com
BLANK ROME, LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3461
Facsimile: 424.239.3851

Amir M. Shiva (SBN 304142)
ashiva@blankrome.com
Keith A. Rutherford  (pro hac vice pending)
krutherford@BlankRome.com
Louis Brucculeri (pro hac vice pending)
lbrucculeri@BlankRome.com
Stephen E. Edwards (pro hac vice pending)
sedwards@BlankRome.com
Domingo M. LLagostera (pro hac vice pending)
dllagostera@BlankRome.com
BLANK ROME, LLP
717 Texas Ave., Suite 1400
Houston, TX 77002
Telephone: 713.228.6601
Facsimile: 713.402.7642

Attorneys for Plaintiff OpenTV, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| OPENTV, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>HULU, LLC,<br><br>        Defendant. | Case No.: 2:16-CV-01785-AB-PJW<br><br><br>**PLAINTIFF OPENTV, INC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Judge: Hon. André Birotte Jr.<br><br>Complaint Filed: March16, 2016 |

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................1

II.   FACTUAL BACKGROUND ...............................................................2

III.  DEFENDANT'S PROFFERED STANDARD FOR SUFFICIENCY OF PLEADING A DIRECT INFRINGEMENT CLAIM IS INCORRECT .........3

   *A.*   *Legal Background* ......................................................................3

   *B.*   *Defendant Incorrectly Interprets the Pleading Standard Under Iqbal and Twombly as Applied to Patent Cases in this District.* ...................5

IV.  APPLYING THE CORRECT STANDARD PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLED ..........................7

V.   EVEN UNDER DEFENDANT'S INCORRECT HEIGHTENED STANDARD, PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLED ..........................................................................8

   *A.*   *The Complaint Sufficiently Pleads Direct Infringement of the '729 Patent* ...........................................................................9

   *B.*   *The Complaint Sufficiently Pleads Direct Infringement of the '746 Patent* .........................................................................11

   *C.*   *The Complaint Sufficient Pleads Direct Infringement as to the remaining asserted patents.* ...............................................13

     1.   The '722 patent ....................................................................13

     2.   The '139 patent ....................................................................14

     3.   The '541 patent ....................................................................15

     4.   The '181 patent ....................................................................16

     5.   The '327 patent ....................................................................16

VI.  CONCLUSION ................................................................................17

PLAINTIFF OPENTV INC.'S OPPOSITION TO MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ArrivalStar S.A. v. Visionary Business Works, Inc.*,
    No. SACV 10-01035 (C.D. Cal. Oct. 15, 2010) ................................................... 8

*Asghari-Kamrani v. United Servs. Auto. Ass'n*,
    2016 U.S. Dist. LEXIS 48012 (E.D. Va. Mar. 22, 2016) ............................. 6, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................*passim*

*Atlas IP, LLC v. Exelon Corp.*,
    No. 15-C-10746 (N.D. Ill. May 17, 2016) ................................................... 6

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
    2016 U.S. Dist. LEXIS 60211 (N.D. Cal. Mar. 9, 2016) ................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................*passim*

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .................................................................. 5

*Hologram USA, Inc. v. Pulse Evolution Corp.*,
    2016 WL 199417 (D. Nev. Jan. 15, 2016) ................................................... 4

*InCom Corp v. Walt Disney Co.*,
    2016 U.S. Dist. Lexis 71319 (Feb. 4, 2016)...............................................*passim*

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013)...............................................................*passim*

*Macronix Int'l Co. v. Spansion*,
    4 F. Supp. 3d 797 (E.D. Va. Mar. 10, 2014) ................................................. 6

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) .................................................................. 3

*Medsquire LLC v. Spring Medical Systems Inc.*,
    2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug. 31, 2011)................................. 6

ii

*Network Signatures, Inc. v. Nestle USA Inc.*,
   No. SACV 111614 (C.D. Cal. April 16, 2012) ...................................................... 5

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
   203 F.3d 790 (Fed. Cir. 2000) ................................................................................. 8

*RainDance Techs., Inc. v. 10X Genomics, Inc.*,
   2016 U.S. Dist. LEXIS 33875 (D. Del. Mar. 4, 2016) ........................................... 6

*Stillman v. Novartis Consumer Health, Inc.*,
   2011 U.S. Dist. LEXIS 158266 (C.D. Cal. Nov. 29, 2011) .............................. 4, 8

*Stolpe v. Lewis*,
   No. CV 11-9852 (C.D. Cal. March 13, 2012) ................................................... 4, 8

*Vellata, LLC v. Best Buy, Inc.*,
   2011 U.S. Dist. LEXIS 3248 (C.D. Cal. Jan. 17, 2011) .............................. 4, 6, 8

**Other Authorities**

Federal Rule of Civil Procedure 8 .................................................................. 3, 4, 5

## I.    INTRODUCTION

Defendant Hulu, LLC ("Hulu") moves to dismiss Plaintiff OpenTV, Inc.'s ("OpenTV") Complaint, alleging that Plaintiff's direct infringement claims do not comply with the pleading standard under *Iqbal*/*Twombly*. Defendant's position lacks support in any controlling authority of this Court, and is inconsistent with prior decisions of this Court and the Federal Circuit.

Defendant argues that *Iqbal*/*Twombly* requires factual allegations regarding *each element of each exemplary claim*. Defendant's proposal would amount to a requirement that patent infringement plaintiffs effectively provide infringement contentions in a complaint, well before they are required in a patent case. Defendant demands proof, not pleading. Such a requirement is wholly inconsistent with interpretations of *Iqbal/Twombly* by this Court and the Federal Circuit and should be rejected.

The purpose of a complaint is to provide "fair notice" to the defendant regarding the claims. Plaintiff's Complaint provides more than adequate notice of its infringement claims, as required by *Iqbal/Twombly*. Moreover, this Court has found that complaints containing far less information than the present Complaint were compliant with *Iqbal*/*Twombly*.

Even assuming that Defendant is correct and *Iqbal*/*Twombly* requires factual allegations regarding each element of each exemplary claim, the present Complaint provides such factual allegations. Hulu attempts to focus this Court on only one paragraph in the Complaint for each count, but in doing so ignores the specific screen shots, taken during use of the accused Hulu system, demonstrating evidence of infringement of each accused feature, as well as the factual explanation of the accused products throughout the Complaint. As the Federal Circuit has stated, when a court analyzes the sufficiency of a pleading, it may consider the Complaint and its attachments, in their entirety, to determine whether there is a "reasonable inference" that the Complaint pleads a "plausible claim." *See K-Tech*

1

*Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013)

## II.   FACTUAL BACKGROUND

Plaintiff filed its Complaint (Dkt. No. 1) on March 16, 2016.  As filed, the Complaint provides an abundance of facts, many of which are ignored by Defendant.  The Complaint specifically pleads:

- that the Court has jurisdiction (¶¶ 5, 6),
- that the Plaintiff owns the asserted patents (¶¶ 23, 33, 41, 52, 62, 71, 83),
- that the Defendant has been infringing the patent by making, selling and/or using its online services embodying the patent (¶¶ 27, 37, 45, 56, 66, 75, 87),
- an exemplary claim that is infringed by each accused product (¶¶ 27, 37, 45, 56, 66, 75, 87), and
- when and how the Plaintiff gave the Defendant notice of its infringement (for instance ¶ 21).

In addition to these statements, Plaintiff's Complaint goes on to provide much more:

- each feature of the accused product accused of infringing each of the exemplary claims (¶¶ 28, 38, 46, 57, 58, 67, 76-78, 88-90),
- a detailed description of each asserted patent (¶¶ 26, 36, 44, 55, 65, 74, 86),
- a detailed description of the accused product overall (¶¶ 15-21),
- a specific description of the infringement by each accused product feature (¶¶ 28, 38, 46, 57, 58, 67, 76-78, 88-90),
- screen shots of the actual accused functionality for each asserted patent showing the feature in use in an infringing manner (¶¶ 28, 38, 46, 57, 58, 67, 76-78, 88-90), and

- copies of the accused patents (Exhibits A-G).

## III.  DEFENDANT'S PROFFERED STANDARD FOR SUFFICIENCY OF PLEADING A DIRECT INFRINGEMENT CLAIM IS INCORRECT

### A.  *Legal Background*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).[1]

In *Bell Atl. Corp. v. Twombly*, the Supreme Court addressed the Rule 8 pleading standard in the context of antitrust claims.  The Court held that the Rule 8 pleading standard does not require "detailed factual allegations" (*id.* at 555), "but only enough facts to state a claim to relief that is plausible on its face" (*id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In *Ashcroft v. Iqbal*, the Supreme Court confirmed that the "facial plausibility" standard applies to all civil actions.  *Id.* at 684.

As a result of the *Twombly* and *Iqbal* decisions, and before it was clear that Form 18 applied to direct infringement pleadings, many district courts, including

---

[1] Until December 1, 2015, the Federal Rules of Civil Procedure included a pleading form for patent infringement—Form 18, which had long been held to be sufficient to meet the Rule 8 pleading standard for patent infringement.  Form 18 required only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  However, recent FRCP amendments struck Form 18 from the Rules.  Supreme Court of the United States, Order regarding amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015).

this Court, applied the "facial plausibility" standard to pleadings of direct infringement.[2]  This Court often held that a claim of direct infringement was sufficient under *Iqbal/Twombly* if it provided "(1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the allegedly infringing activity, and (5) citations to applicable federal patent law." *See, e.g., Stillman v. Novartis Consumer Health, Inc.*, 2011 U.S. Dist. Lexis 158266 at *6 (C.D. Cal. Nov. 29, 2011); *Vellata, LLC v. Best Buy, Inc.*, 2011 U.S. Dist. Lexis 3248 at *10-11 (C.D. Cal. Jan. 17, 2011); *Stolpe v. Lewis*, No. CV 11-9852 (C.D. Cal. March 13, 2012).  This Court's recent decision in *InCom Corp v. Walt Disney Co.*, 2016 U.S. Dist. Lexis 71319 at *8 (Feb. 4, 2016), is consistent with these decisions and requires allegations that include only: (1) asserted patents attached to the complaint, (2) a description of the asserted patent, including how its invention overcame problems in the prior art, and (3) an identification of specific products that were accused of infringing the patent.  Contrary to Defendant's assertions, the binding authorities in this Court do not require anything more, and Plaintiff's Complaint provides substantially more detail than the complaint considered by this Court in *InCom*.

The Federal Circuit made clear in *K-Tech* that under *Iqbal/Twombly*, "a plaintiff in a patent infringement suit is not required to specifically include each

---

[2] The Federal Circuit has pointed out that Form 18 satisfies the *Iqbal/Twombly* standard because Form 18 has similar factual requirements as Form 9, which *Twombly* expressly stated met the "facial plausibility" standard.  *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1288 (Fed. Cir. 2013) (Wallach, J., concurring).  At least one district court has held that the abrogation of Form 18 does not change the standard for pleading direct infringement.  *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016) ("Though Form 18 and Rule 84 were abrogated from the Federal Rules of Civil Procedure as of December 1, 2015, the Advisory Committee note associated with this change directly states, 'The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.'" (citation omitted)).

element of the claims of the asserted patent.  *K-Tech*, 714 F.3d at 1284.  The Federal Circuit noted further that the district court erred in "requiring that a plaintiff preemptively identify and rebut potential non-infringing alternatives to practicing the claims of the asserted patent." *Id*.

> **B.**   *Defendant Incorrectly Interprets the Pleading Standard Under Iqbal and Twombly as Applied to Patent Cases in this District.*

Defendant asks the Court to adopt a *pleading* standard that requires Plaintiff to effectively *prove* patent infringement in its Complaint.  However, the pleading requirements for patent complaints do not require proof, but require merely a short and plain statement showing the pleader is entitled to relief.  Fed. R. Civ. P. 8. Defendant also goes too far in its interpretation of binding case law, and the law in this District; Plaintiff's detailed infringement contentions are not required at the pleading stage.

The Federal Circuit interpreted *Iqbal*/*Twombly* as *not* requiring factual allegations related to every claim element because doing so would require Plaintiff to *prove* its case, rather than merely *plead* its case, as required by Rule 8:

> [W]hile ACS and the other Appellees are correct that to prove infringement of a method patent a plaintiff must show that every step of the method is performed in the claimed order, **nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage. Such a requirement would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage. At this stage of the litigation a plaintiff is only required to plead enough facts to enable a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."**

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678) (bold emphasis added).  At the time *In re Bill of Lading* was decided, this Court had already ruled that *Iqbal*/*Twombly* did not require proof at the pleading stage.  In *Network Signatures, Inc. v. Nestle USA Inc.*, No. SACV 111614 (C.D. Cal.

April 16, 2012), this Court applied *Iqbal*/*Twombly* and held that direct

infringement allegations need not address every element of a claim in the

complaint because such a requirement "equates [the plaintiff's] eventual

evidentiary burden with its pleading burden."  Similarly, in *Vellata*, this

Court held that a direct infringement claim need not address all elements of a

patent claim to meet the *Iqbal*/*Twombly* standard.  2011 U.S. Dist. Lexis

3248 at *11 ("It is true that the FAC does not allege the infringing activity to

the extent that it details each element of at least one of the claims of Patent

290 or 858, but it need not do so.").

      Defendant ignores these clear rulings and relies instead on cases from

other districts.  These authorities are not binding on this Court and are

distinguishable from the Complaint in this case.[3]  The Court should reject

Defendant's proposed standard because it improperly requires Plaintiff to

---

[3] In *RainDance Techs., Inc. v. 10X Genomics, Inc.*, 2016 U.S. Dist. LEXIS 33875 at *7 (D. Del. Mar. 4, 2016), the court granted the motion because, unlike in this case, the Complaint was not based at all on the actual accused product, but only on marketing materials.  In both *Macronix Int'l Co. v. Spansion*, 4 F. Supp. 3d 797, 798-99 (E.D. Va. Mar. 10, 2014) and *Medsquire LLC v. Spring Medical Systems Inc.*, 2011 U.S. Dist. LEXIS 107416 at *3 (C.D. Cal. Aug. 31, 2011), the complaint that was dismissed, unlike the Complaint in this case, did not specifically address any features of the accused device, and instead summarily alleges that products have alleged claimed features.  In *Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 48012 at *3-4 (E.D. Va. Mar. 22, 2016), the court noted that the complaint, unlike the complaint in this case, identified only trivial features of the accused products.  In *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 60211, at *5 (N.D. Cal. Mar. 9, 2016), the court noted that the complaint, unlike the complaint in this case, does not specify direct/indirect infringement or literal infringement/doctrine of equivalents, but only states "PGE's smart meters and access points described herein infringed the claims of the '734 patent before the expiration thereof."  And finally, in *Atlas IP, LLC v. Exelon Corp.*, No. 15-C-10746, Slip op. at 10-16 (N.D. Ill. May 17, 2016), the complaint was dismissed because the plaintiff made inconsistent statements in briefing and at the hearing that made it clear that some elements of the claims were not present in the accused products.

prove its infringement claims at the pleading stage.  Defendant's proposal would require a complaint in the form of infringement contentions, rather than merely pleading facts which enable the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## IV.   APPLYING THE CORRECT STANDARD PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLED

This Court recently articulated the requirements in a patent case under the *Iqbal/Twombly* "facial plausibility" standard in *InCom Corp v. Walt Disney Co.*, 2016 U.S. Dist. Lexis 71319 (C.D. Cal. Feb. 4, 2016).  In *InCom*, this Court denied a motion to dismiss a complaint that did "more than name a product and baldly conclude that it infringes a patent which belongs to plaintiff."  *Id.* at *8.  Exh. A. (*InCom* Complaint, Dkt. No. 26, Case No. 15-3011).  More particularly, the Complaint in *InCom* included (1) asserted patents attached to the complaint, (2) a description of the asserted patent, including how its invention overcame problems in the prior art, and (3) an identification of specific products that were accused of infringing the patent.  *Id.*  Notably, the complaint in *InCom* <u>did not</u> provide specific factual allegations for each claim limitation, nor did it provide specific evidence of infringement.  This Court nevertheless held that the complaint in *InCom* complied with the *Iqbal*/*Twombly* standard.  *Id.*

Like *InCom*, the Complaint in this case included (1) the asserted patents attached to the Complaint along with a description of those patents, (2) a description of how Plaintiff's inventions overcame problems in the prior art, and (3) an identification of specifically accused products and product features.  *See supra* at 2-3.  Moreover, the Complaint in this case goes beyond the level of detail provided in *InCom*.  Here, the Complaint provides additional factual allegations for the claim elements, identifies an exemplary claim for each patent, and provides a detailed description of the accused "Hulu Online Services;" moreover, the Complaint

7

provides at least one screenshot (in the case of some patents, three screenshots) showing the accused product features and how they infringe the patent. *See supra* at 2-3. This additional information is above-and-beyond what this Court found sufficient under *Iqbal*/*Twombly* in *InCom*.

This Court has also held that a direct infringement claim complied with *Iqbal*/*Twombly* if it included the following (as set forth by the Federal Circuit in *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)): "(1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the allegedly infringing activity, and (5) citations to applicable federal patent law." *See, e.g., Stillman*, 2011 U.S. Dist. Lexis 158266 at *6; *Vellata*, 2011 U.S. Dist. LEXIS 3248 at *10-11; *Stolpe*, No. CV 11-9852, slip op. at 4 n.4. Moreover, in *ArrivalStar S.A. v. Visionary Business Works, Inc.*, No. SACV 10-01035 (C.D. Cal. Oct. 15, 2010), this Court held that a direct infringement claim was sufficient under *Iqbal*/*Twobly*, despite the fact that the claims did not include any allegations related to particular patent claims. The Complaint in this case is sufficient under the Court's prior interpretations of *Iqbal*/*Twombly*.

As described above, Plaintiff's Complaint complies with *Iqbal*/*Twombly* under *InCom* as well as other cases from this Court. For at least these reasons, the Defendant's motion to dismiss should be denied.

## V. EVEN UNDER DEFENDANT'S INCORRECT HEIGHTENED STANDARD, PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLED

Even if the Court were to agree that *Iqbal*/*Twombly* requires factual allegations for every element of the claim, Plaintiff's direct infringement claims are still sufficiently pled. Contrary to the Defendant's contentions, Plaintiff's claims provide factual allegations regarding each element of each exemplary claim, which clearly allow the Court to reasonably infer a plausible claim of infringement. *Iqbal*,

556 U.S. at 678.  Notably, in pointing to deficiencies, Defendant looks only to one or two paragraphs of two exemplary counts (related to the '729 and '746 patents) and ignores the screenshots, the background discussion of the accused products, the detailed description of how the patents solve problems in the prior art, and the patents and the patent specifications themselves that were attached to the Complaint.  All of these are properly considered when determining whether a complaint pleads a plausible claim.  *See K-Tech*, 714 F.3d at 1282.  In the sections below, Plaintiff addresses all of the factual evidence that was presented in the Complaint, which Defendant's Motion ignores.  In particular, Plaintiff will address the two counts that Defendant chose to use as examples: one for U.S. Patent No. 7,421,729 (the '729 patent) and the other for U.S. Patent No. 6,606,746 (the '746 patent).  Plaintiff next addresses the specific points raised regarding the factual allegations under the other asserted patents, all of which more than meet the heightened pleading standard argued for by Defendant.

> A.   *The Complaint Sufficiently Pleads Direct Infringement of the '729 Patent*

Regarding the '729 patent, Defendant contends that the Complaint "fails to allege a single fact regarding how the elements 'time code signal,' 'address generator,' 'address signal,' or 'database storing a plurality of indicators' are met by the accused Hulu Online Services."  Mem. (Dkt. No. 46) at 6.  As described below, the Complaint provides factual allegations for these elements, or at least allows one to reasonably infer such allegations.

The inserted screenshot from page 20 of the Plaintiff's Complaint (reproduced and annotated below) shows an actual use of Hulu's Face Match feature.  As is apparent from the screenshot, it is a playback of a Modern Family television episode.  As stated in paragraph 67 of the Complaint, the video is encoded by Hulu before being sent for viewing at a user's receiving device, i.e., computer.  As shown by the brackets (inside the red boxes below), a user has

1
2
3
4
5
6
7
8
9
10
11



12  As can be seen in the screenshot, there is a "tag" or indicator associated with

13  the character Cameron Tucker's face at that exact moment in the video, which

14  utilizes an address to call up details on the actor playing Cameron Tucker and offers

15  further links to more information.  The Complaint demonstrates the fact that there is

16  a tag encoded with the video, because the information displayed asked to "report a

17  bad tag," shown in yellow.  In other words, if the information displayed was not

18  about Eric Stonestreet but some other actor, that would indicate that the tag

19  embedded with the video was not synchronized properly or was in some other way

20  defective.  Because the "tag" must be embedded in the video when the brackets

21  (shown in red boxes) are displayed, and must be synchronized with the video such

22  that at the time the tag appears in that location, actor Eric Stonestreet's face also

23  appears in the video.

24  The Abstract of the '729 patent explicitly states: "[d]isclosed is a system for

25  inserting indicators, such as tags and markers, in a video stream."  Abstract line 1.

26  The specification further states that the "tags and markers can be stored at the

27  selected addresses within the database device 318 that correspond to the locations at

28  which those tags and markers may be accessed during the sequence of the video

stream." Col. 5, ll. 37-40. The time code is generated to allow an identification of the specific address, *i.e.*, location in the video. *See* col. 5, ll. 22-28. It is clear that the tag is connected both in time to the playing of the video and a specific address shown by the brackets in the image.

The specifics of how Hulu generates its time codes, synchronizes those with the specific location of an actor's face, and stores that as a tag are not readily apparent from a use and inspection of the Hulu service, as that occurs at the Hulu servers in the cloud. However, a review of the service, as shown in the Complaint, shows at least a "facial plausibility" that there is a time code synched with a video location to create a "tag," known as an indicator in the claims. Otherwise the display of the information about Eric Stonestreet could not have properly occurred.

As such, the Complaint provided by Plaintiff provides significant disclosure of each and every element of the exemplary claim. Plaintiff did not just identify a product or even a feature, *e.g.*, Face Match, but demonstrated how, when a user selects an area of the screen, it triggers a tag embedded in the video to bring up additional information about the actor shown at that moment in time, at that location, demonstrating an association of time and address/location. Such an allegation certainly asserts a "plausible" allegation of infringement, and provides Hulu with precise notice of what is accused.

**B.** *The Complaint Sufficiently Pleads Direct Infringement of the '746 Patent*

The Motion alleges that the Complaint does not sufficiently plead direct infringement of the nine limitations of the '746 patent. The Motion, however, identifies only one deficiency—that only two slices are alleged though the claim requires three sets of slices.

As shown in the screen shot included on page 11 of the Complaint (reproduced below), which was taken during use of the Hulu service, the user may scroll through a variety of shows or movies, displayed on the screen three at a time.

The Complaint expressly notes that this is displayed in a "page," meaning that it is a webpage from the Hulu website displayed on, for instance, a computer.



Complaint at ¶ 38. Webpages served to computers are made up of compressed images, text, and other material. As noted in paragraphs 15-17 of the Complaint, the accused Hulu Online Services are accessible through devices such as PCs and laptops. As shown above, a rating of the show or movie is shown in the recommendations section of the Hulu service for each movie. As stated, there are five unreplaceable gray stars. Those five gray stars indicate the five-star scale that the ratings are based on. For example, the show "Teen Mom" in the left spot has a star rating of 3 ½ stars as shown by the green stars shown over the five gray stars.

As the Complaint states, "the ratings stars in green that change for each movie based on user rating." ¶ 38. So when the show "One Punch Man" scrolls into the left spot, the unreplaceable five gray stars will stay, but the slice with the green stars will change to reflect that the "One Punch Man" show has a 3 star rating. So when "One Punch Man" moves into the left slot, the gray star slice that is unreplaceable remains, as stated in the Complaint (¶ 38), and the green stars are replaced, so that the previous green stars that were there for "Teen Mom" are identified as replaceable, *i.e.*, second slices, and are replaced with third slices, the green stars for "One Punch Man." As shown in paragraph 57, the Hulu Online

Services include a video delivery system that delivers encoded video programs.

When considered together with the factual recitations and showings presented in screen shot form from actual use of the Hulu Online Services, the Complaint provides specific evidence from which to draw an inference of infringement for each of the elements of the exemplary claim. Hulu focuses on one single paragraph, but even the cases it cites indicate that the Court should consider the Complaint as a whole, together with its exhibits, such as the patents. *See*, *Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 48012 at *3 (E.D. Va. Mar. 22, 2016) ("A court must consider 'the complaint in its entirety, as well as documents attached or incorporated into the complaint.'") (citation omitted).

As such, even if the Defendant's standard is correct (which it is not), the Defendant's Motion fails to properly apply its own test. When the Court takes a comprehensive view of the Complaint, it is readily apparent how Hulu's Online Services infringe claim 1 of the '746 patent.

> C.  *The Complaint Sufficient Pleads Direct Infringement as to the remaining asserted patents.*

> 1.  <u>The '722 patent</u>

With respect to the allegations under the '722 patent, Plaintiff included two different ways that Defendant modifies a user profile and describes how that profile is used to provide recommended content to the user. In Paragraph 76 of its Complaint, Plaintiff stated that the Hulu Online Services meets claim 1 because it "generates user profiles based on user information including a user's video preferences/viewing history," then went on to include a screen shot showing a particular user's history of viewing programs. Complaint at 22. In Paragraph 77 of its Complaint, Plaintiff showed a "recommendations" page that is created based on the particular user's profile. Complaint at ¶ 77. Referring back to Paragraph 76, Plaintiff asserted that a user's profile was also modified based other users'

preferences and viewing history within a same affinity group, such as liking the same show.  Complaint at ¶ 76.  Then in Paragraph 78, Plaintiff showed a specific example of where Defendant modifies a particular user's profile using the profiles of their Friends.  Complaint at ¶ 78.

Shown above, Plaintiff's Complaint includes allegations that Defendant creates, modifies, and keeps a user profile for each user.  Plaintiff also showed how Defendant uses that profile to enhance the user's viewing experience by recommending shows/programs that may be of interest to the user based on the user's profile.  At the pleading stage, Plaintiff is not required to allege facts on whether Hulu's backend server systems store the profile information in a hierarchical attribute value-pair data structure, as specified in one element of the claim.  First, that storage is done somewhere on servers in the cloud supporting Hulu's systems and is not currently available to Plaintiff,[4] but more importantly, as the Federal Circuit has stated, Plaintiff at the pleading stage is not required to anticipate and rebut possible non-infringing alternatives, such as some other possible way to store user profiles.  *See, K-Tech*, 714 F.3d at 1284 ("[I]t is clear that the district court applied the wrong standard to K-Tech's complaints in requiring that a plaintiff preemptively identify and rebut potential non-infringing alternatives to practicing the claims of the invention.").  Plaintiff has alleged that Defendant stores a user profile.  Accordingly, Plaintiff's detailed factual allegations meet at least the "facially plausible claim" pleading standard.

2.      The '139 patent

Quite surprisingly, as to the '139 patent, Defendant asserts that Plaintiff did not allege facts to show that Defendant includes an address in its programs, that is automatically accessed and is triggered by timing indicia.  Paragraph 57 of

---

[4]      The Federal Circuit found that a Plaintiff is not require to plead facts related to operation of a system, "especially when the operation of those systems is not ascertainable without discovery."  *K-Tech*, 714 F.3d at 1286.

Plaintiff's Complaint describes factual allegations on each of those items and more, with an annotated screen shot showing that there are timing indicia that trigger the playing of an advertisement that is retrieved from a website URL using the address embedded with the Hulu program.



Complaint at ¶ 57. As such, Defendant's allegations under the '139 patent are clearly sufficient to show a "facially plausible" claim.

       3.     <u>The '541 patent</u>

Defendant's claims that Plaintiff did not make factual allegations under the '541 patent are dispelled for similar reasons to the '722 patent. The allegations under the '541 patent again show that a user's profile is modified either by their own viewing habits, or those of an affinity group, and that the modified profile is used to recommend programs to the user. Complaint at ¶¶ 88-89. As Hulu's service is delivered over the web and comes from a URL link, it is unclear how

Defendant concludes that Plaintiff has not pled facts related to selecting URL's that may be of interest to a user based on their profile; such a system is expressly shown in the screen shot of Paragraph 89 of Plaintiff's Complaint.

### 4. The '181 patent

For the '181 patent, Defendant alleges that there is not an allegation that Internet information segments are synchronized to the video signal and displayed at pre-determined times. To the contrary, Plaintiff's Complaint specifically alleges the media player playing the Hulu program content utilizes a "URL link embedded with, or associated in location and time with, the video programming, and retrieves a summary of the displayed actor from the associated link . . . ." Just from that sentence without more it is clear that Plaintiff has alleged that there is Internet content about the actor, that is retrieved using a URL link embedded at a particular time and location in the video. The Court need not even review all the remaining detail of the Face Match feature or the screen shot, showing precisely how this internet information is retrieved, to find a facially plausible pleading. Such a factual allegation could not be more clear or complete.

### 5. The '327 patent

Finally, Defendant asserts there is no allegation under the '327 patent for using an electronic program guide to select an interactive application associated with the program. That again is dispelled by the Complaint where Plaintiff alleges that Defendant provides a choice to its users to sign up for limited commercial viewing, incentivizing them with a lower subscription price than they would pay for no commercials. Complaint at ¶ 47. If Hulu users select the limited commercial subscription, those users will be "forced to view a modest amount of commercials while streaming video through Hulu's Online Services." *Id.* Hulu then controls what commercials are streamed and indicates when those commercials will play with timing offsets embedded in the video and shown on the interactive application that is used to play the program:

[Hulu] provides and interactive control bar during display of a video program.  Advertisement breaks are identified in the control bar by timing offsets. When a timing offset is reached an advertisement plays.  During the advertisement, at least the fast forward feature in the control bar is suspended.  At the conclusion of the advertisement, the video program resumes and the interactive control bar features are reenabled…

Complaint at ¶ 46.  From this it is clear that Defendant controls what video is playing (i.e., the program or an advertisement) and selects different interactive control bar functionality depending on the content to be shown.  Based on Plaintiff's allegations, it is certainly facially plausible that Hulu uses an electronic program guide to select the content shown and the interactive control bar functionality associated with that content.

## VI.    CONCLUSION

As described above, Plaintiff's Complaint sufficiently pleads direct infringement under *Iqbal*/*Twombly* under the correct standard and, alternatively, under the Defendant's incorrect, heightened standard.  Accordingly, Defendant's Motion to Dismiss should be denied.

Dated:  June 20, 2016

/s/ Shirley Leung
Shirley Leung
Keith A. Rutherford
Domingo Llagostera
Amir Shiva BLANK
ROME, LLP

Counsel for Plaintiff
OPENTV, INC.