1   CLEMENT J. NAPLES (*admitted pro hac vice*)
    clement.naples@lw.com
2   LATHAM & WATKINS LLP
    885 Third Avenue Suite 1000
3   New York, NY 10022
    Telephone: (212) 906.1200
4   Facsimile: (212) 751.4864

5   RON E. SHULMAN, Bar No. 178263
    ron.shulman@lw.com
6   LATHAM & WATKINS LLP
    140 Scott Drive
7   Menlo Park, CA 94025
    Telephone: (650) 328.4600
8   Facsimile:  (650) 463.2600

9   JULIE HOLLOWAY, Bar No. 196942
    julie.holloway@lw.com
10  LATHAM & WATKINS LLP
    505 Montgomery Street Suite 2000
11  San Francisco, CA 94111
    Telephone: (415) 391.0600
12  Facsimile: (415) 395.8095

13  Attorneys for Defendant Hulu, LLC
    (Additional counsel listed on signature page)
14

15          IN THE UNITED STATES DISTRICT COURT FOR THE

16              CENTRAL DISTRICT OF CALIFORNIA

17                      WESTERN DIVISION

18  OPENTV, INC.,                       Civil Action No. 2:16-cv-01785-AB-PJW

19                    Plaintiff,        **DEFENDANT HULU, LLC'S REPLY
                                        IN SUPPORT OF ITS MOTION TO
20          vs.                         DISMISS**

21  HULU, LLC,                          Date: July 11, 2016
                                        Time: 10:00 a.m.
22                    Defendant.        Place: Courtroom 4, 2nd floor

23                                      Judge: Hon. André Birotte Jr.

24                                      Complaint filed March 15, 2016
25

26

27

28

1

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................ 1

II.   THE COMPLAINT MUST MAKE INFRINGEMENT PLAUSIBLE .......... 2

    A.    Plaintiff Misstates Federal Circuit Case Law ........................................ 2

    B.    Plaintiff Mischaracterizes Hulu's Position ........................................... 3

III.  PLAINTIFF MISCHARACTERIZES THE STANDARDS
      PREVIOUSLY USED IN THIS DISTRICT .................................................. 4

IV.   PLAINTIFF'S COMPLAINT IS INSUFFICIENT UNDER THE
      CORRECT STANDARD ...................................................................... 6

    A.    Plaintiff Has Not Sufficiently Pleaded Infringement Of The
            '729 Patent ............................................................................. 7

    B.    Plaintiff Has Not Sufficiently Pleaded Infringement Of The
            '746 Patent ........................................................................... 10

    C.    Plaintiff Has Not Sufficiently Pleaded Infringement Of The
            Remaining Patents .................................................................. 11

V.    CONCLUSION ............................................................................... 12

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

*ArrivalStar S.A. v. Visionary Bus. Works, Inc.*,
No. CV-10-01035, Slip op. (C.D. Cal. Oct. 15, 2010) ........................................... 3

*Asghari-Kamrani v. United Servs. Auto. Ass'n*,
No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 48012 (E.D. Va. Mar. 22, 2016) .......... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................... 5, 8

*Atlas IP v. PG&E Co.*,
No. 15-cv-05469, 2016 U.S. Dist. LEXIS 60211 (N.D. Cal. Mar. 9, 2016) ...... 5, 6

*Atlas IP, LLC v. Exelon Corp.*,
No. 15-C-10746, 2016 U.S. Dist. LEXIS 64571
(N.D. Ill. May 17, 2016) .......................................................................... 1, 2, 4, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 4, 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1989) .............................................................................. 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ......................................................................... 2, 3

*InCom Corp. v. Walt Disney Co.*,
No. 15-cv-3011, 2016 U.S. Dist. LEXIS 71319 (C.D. Cal. Feb. 4, 2016) ......... 2, 4

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013) ........................................................................ 2, 3

*Network Signatures, Inc. v. Nestle USA, Inc.*,
No. 11-1614, 2012 U.S. Dist. LEXIS 189681 (C.D. Cal. Apr. 16, 2012) ............. 3

*RainDance Techs., Inc. v. 10X Genomics, Inc.*,
No. 15-152-RGA, 2016 U.S. Dist. LEXIS 33875 (D. Del. Mar. 4, 2016) ............. 5

*Stillman v. Novartis Consumer Health, Inc.*,
No. CV-11-05603-RGK, 2011 U.S. Dist. LEXIS 158266
(C.D. Cal. Nov. 29, 2011) ..................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Stolpe v. Lewis*,
   No. CV-11-9852, Slip op. (C.D. Cal. Mar. 13, 2012) ...........................................3

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ...........................................................................8, 11

*Vellata, LLC v. Best Buy Co.*,
   No. CV 10-6752, 2011 U.S. Dist. LEXIS 3248 (C.D. Cal. Jan. 7, 2011) ..............3

# I.     INTRODUCTION

Plaintiff does not dispute that since the December 2015 Rule change and the abrogation of Form 18, courts across the country have held that to adequately plead patent infringement, a complaint must allege *facts* making it plausible that an accused product meets *each element* of an asserted patent claim.  Rather, Plaintiff argues that its barebones Complaint is sufficient for three reasons.  All fail.

First, Plaintiff argues that "[t]he Federal Circuit [has] interpreted *Iqbal*/*Twombly* as *not* requiring factual allegations related to every claim element." (Dkt. No. 56 ("Opp.") at 5 (emphasis in original).)  This argument invites legal error—the cases cited by Plaintiff were decided *before* the December Rule change and hinged on the now-abrogated Form 18.  Second, Plaintiff argues that the *InCom* case (which is in tension with multiple other district courts' interpretation of *Iqbal*, *Twombly*), sets forth the binding standard for patent infringement complaints, and that Plaintiff's complaint meets that standard.  This is factually and legally wrong.  Even if *InCom* were binding, Plaintiff misstates its holding and fails to satisfy the standard actually described in the case.  Finally, Plaintiff argues that even if it had to allege a fact for each claim element, its complaint does that. This is demonstrably false—Plaintiff offers no factual allegations for numerous claim elements.

In the end, Plaintiff ignores the sound legal reasoning that requires plaintiffs in patent cases to allege *facts* that allow a court to infer that *each element* of an asserted claim is met.  *Atlas IP, LLC v. Exelon Corp.*, No. 15-C-10746, 2016 U.S. Dist. LEXIS 64571, at *12 (N.D. Ill. May 17, 2016) ("factual allegations that do not permit a court to infer that the accused product infringes *each element* of at least one claim are not suggestive of infringement").  And in the place of this straightforward standard, which Plaintiff does not satisfy, Plaintiff offers no viable alternative.  Plaintiff's complaint should be dismissed.

## II.    THE COMPLAINT MUST MAKE INFRINGEMENT PLAUSIBLE

### A.    Plaintiff Misstates Federal Circuit Case Law

Plaintiff argues that the Federal Circuit has already decided that patent complaints do not require "factual allegations related to every claim element," relying on *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013) and *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012). (Opp. at 4-5.) Plaintiff invites plain legal error. Both of these cases relied on abrogated Form 18 to assess the sufficiency of direct infringement claims, not *Iqbal* and *Twombly*. *See K-Tech*, 714 F.3d at 1383 ("to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, ***the Forms control***"); *Bill of Lading*, 681 F.3d at 1334 ("whether [plaintiff's] amended complaints adequately plead direct infringement is to be measured ***by the specificity required by Form 18***").[1] In other words, because Form 18 controlled at the time and did not require factual allegations for each claim element, the Federal Circuit did not require such allegations either.[2]

Indeed, other district court judges have declined such invitations to error. For instance, in *Atlas IP*, 2016 U.S. Dist. LEXIS 64571, at *11-12, the court stated:

> Far more recently than the Federal Circuit's issuance of those
> opinions, the Rules have been amended effective December 1, 2015 to

---

[1]    In a footnote, Plaintiff suggests that "Form 18 satisfies the Iqbal/Twombly standard." (Opp. at 4 n.2.) But even cases relied on by Plaintiff reject this premise. *See, e.g., InCom Corp. v. Walt Disney Co.*, No. 15-cv-3011, 2016 U.S. Dist. LEXIS 71319, at *6 (C.D. Cal. Feb. 4, 2016) ("Form 18 no longer provides a safe harbor for pleading direct infringement.").

[2]    Moreover, the quoted text of *Bill of Lading* was in the context of whether the Complaint sufficiently alleged induced infringement. *Bill of Lading*, 681 F.3d at 1342. And the Federal Circuit recognized that "[i]n some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss." *Id.*

1      abrogate both Rule 84 and the Appendix of Forms that Rule 84 had

2      identified as sufficient, and *K-Tech*, *R+L Carriers* [***Bill of Lading***],

3      and *McZeal,* were all dependent on the skeletal paradigm provided by

4      Form 18 (or Form 16 when *McZeal* was decided).

5 (Internal citations omitted).   Plaintiff's reliance on *K-Tech* and *Bill of Lading*

6 should be rejected.

7      Plaintiff's reliance on other pre-Rule change cases from this Court suffers

8 the same defect—these cases also viewed the pleading standard for patent

9 complaints through the lens of Form 18. *See, e.g.*, *Stolpe v. Lewis*, No. CV-11-

10 9852, Slip op. at 9 (C.D. Cal. Mar. 13, 2012) ("[T]he Court would find persuasive

11 Defendant's citation to ***Form 18*** . . . and Defendant's indications of how the

12 allegations pled in the counterclaim amply meet that requirement."); *Vellata, LLC*

13 *v. Best Buy Co.*, No. CV 10-6752, 2011 U.S. Dist. LEXIS 3248, at *11 (C.D. Cal.

14 Jan. 7, 2011) (relying on pre-Rule change *McZeal* opinion); *ArrivalStar S.A. v.*

15 *Visionary Bus. Works, Inc.*, No. CV-10-01035, Slip op. (C.D. Cal. Oct. 15, 2010)

16 (same).[3] These cases should be ignored.

17      **B.   Plaintiff Mischaracterizes Hulu's Position**

18      Plaintiff argues that "Defendant asks the Court to adopt a *pleading* standard

19 that requires Plaintiff to effectively *prove* patent infringement in its Complaint."

20 (Opp. at 5.)  This is false.  There is a significant difference between proving a fact

21 and alleging a fact.  *Iqbal*, *Twombly*, and the post-rule change cases cited by Hulu

22 all require factual allegations, ***that if proven***, make infringement plausible.  (Dkt.

23 No. 46 ("Mot.") at 5.)  And for patent infringement, that means a complaint must

24

25    _____

   [3]      Plaintiff's citation to pre-Rule change *Network Signatures, Inc. v. Nestle*

26 *USA, Inc.*, No. 11-1614, 2012 U.S. Dist. LEXIS 189681, at *7 (C.D. Cal. Apr. 16, 2012), fares no better.  There, the court deemed a complaint sufficient because it

27 "***describe[d] the steps*** of [defendant's] use of its computers ***that are alleged to infringe*** [plaintiff's] patent." *Id.*  This supports Hulu's position, not Plaintiff's.

28

allege facts making it plausible that the accused products meet each element of the patent claims.  (*Id.* at 2.)  If numerous claim elements are simply ***ignored***, a claim for infringement is not plausible—it is speculative.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Atlas IP*, 2016 U.S. Dist. LEXIS 64571, at *12-13 ("Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element . . . .") (internal citations omitted).  No one has ever required proof.

### III.   PLAINTIFF MISCHARACTERIZES THE STANDARDS PREVIOUSLY USED IN THIS DISTRICT

In place of Supreme Court law and the multitude of post-Rule change cases cited by Hulu (Mot. at 3-4), Plaintiff relies heavily on a mischaracterization of a single case, *InCom*, 2016 U.S. Dist. LEXIS 71319, at *8, which was decided shortly after the Rule change.  According to Plaintiff, *InCom* sets the bar for patent complaints and requires only "(1) asserted patents attached to the complaint, (2) a description of the asserted patent, including how its invention overcame problems in the prior art, and (3) an identification of specific products that were accused of infringing the patent."  (Opp. at 4.)  This is wrong.  Plaintiff conveniently leaves out that the court in *InCom* expressly found that "Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products ***and alleging that they perform the same unique function*** as Plaintiff's patented system."  *InCom*, 2016 U.S. Dist. LEXIS 71319, at *8.  Plaintiff's proposed standard ignores the second half of this requirement.

In any event, Plaintiff's Complaint fails any formulation of the *InCom* test.  Plaintiff's Complaint does not explain how the asserted patents "overcame problems in the prior art" nor does it identify any "unique function" of the patents and allege that the same unique function is present in the accused products.

1  Accordingly, even if *InCom* did set the pleading standard, Plaintiff has failed to

2  meet that standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3      In addition to relying on *InCom*, Plaintiff advances another standard based

4  on *Stillman v. Novartis Consumer Health, Inc.*, No. CV-11-05603-RGK, 2011 U.S.

5  Dist. LEXIS 158266, at *6-7 (C.D. Cal. Nov. 29, 2011).  But *Stillman* supports

6  Hulu's position, not Plaintiff's.  Although *Stillman* recites a five-factor test quoted

7  by Plaintiff, the court ultimately found the complaint sufficient because it pled

8  "***factual content*** that raises a plausible claim that Defendant's products infringe

9  Plaintiff's patents."  *Id.*  Indeed, the patent claims in *Stillman* included only two

10  elements: (i) fiber with certain characteristics, and (ii) water with certain

11  characteristics.  U.S. Patent No. 6,248,390 at Claim 1.  The complaint addressed

12  both limitations by alleging that the accused product was a mixture of (i) a

13  "Probiotic Fiber Supplement" and (ii) "water or other beverages or foods

14  containing water."  *Stillman*, 2011 U.S. Dist. LEXIS 158266, at *6-7.  The

15  *Stillman* complaint was sufficient because it contained ***factual allegations*** for each

16  claim element.

17      Plaintiff makes a halfhearted attempt in a single footnote to distinguish all of

18  the cases cited by Hulu (Mot. at 3-4), but those distinctions are flawed.  For

19  example, Plaintiff argues that in *RainDance,* the complaint was dismissed because

20  it was based on "marketing materials."  (Opp. at 6 n.3.)  Not true.  In *RainDance*,

21  the court dismissed the complaint because the plaintiff failed to sufficiently address

22  a claim element.  *RainDance Techs., Inc. v. 10X Genomics, Inc.*, No. 15-152-RGA,

23  2016 U.S. Dist. LEXIS 33875, at *6 (D. Del. Mar. 4, 2016) (dismissing case and

24  stating that "[t]he requirements of the next to last [claim] element might be met,

25  but involves quite a bit of supposition").  And significantly, Plaintiff ***does not***

26  ***dispute*** that the opinions cited by Hulu all come to the same conclusion: patent

27  infringement complaints cannot simply ***ignore*** claim elements required for

28  infringement.  (Mot. at 3-4.)  *See also Atlas IP v. PG&E Co.*, No. 15-cv-05469,

DEFENDANT HULU, LLC'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
Case No. 2:16-cv-01785-AB-PJW

1   2016 U.S. Dist. LEXIS 60211, at *13 (N.D. Cal. Mar. 9, 2016) ("Because the

2   complaint entirely fails to address this necessary element of claim 1, the claim fails

3   as pled.").

4   **IV.   PLAINTIFF'S COMPLAINT IS INSUFFICIENT UNDER THE**

5           **CORRECT STANDARD**

6           Realizing that its legal position is on shaky ground, on page eight of its brief

7   Plaintiff contends that its Complaint actually does "provide factual allegations

8   *regarding each element* of each exemplary claim."  (Opp. at 8.)  This argument is

9   contradicted by Plaintiff's own statements.  For example, just six pages later,

10  Plaintiff admits that it fails to allege (and in fact says that it does not have to

11  allege) *any facts* for the claim limitation of the '722 patent that requires "storing

12  the first user profile information *in a hierarchical attribute value-pair data*

13  *structure*."  (Opp. at 14.)

| '722 Required Claim Element | Plaintiff's Opposition |
|---|---|
| "storing the first user profile information *in a hierarchical attribute value-pair data structure*" ('722 patent, cl. 1) | "Plaintiff is *not required* to allege facts on whether Hulu's backend server systems store the profile information *in a hierarchical attribute value-pair data structure*, as specified in one element of the claim." (Opp. at 14.) |

21          Hulu and the Court should not have to speculate as to how or if this

22  limitation is met.   The notice requirement of Rule 8 and the plausibility

23  requirement of *Iqbal* and *Twombly* demand more.  *See, e.g.*, *Asghari-Kamrani v.*

24  *United Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 48012, at *9-

25  10 (E.D. Va. Mar. 22, 2016) (holding that fair notice generally requires the

26  complaint to plead facts "specify[ing] which features of [the accused products]

27  correspond to" each specific claim element); *Twombly*, 550 U.S. at 555 ("Factual

28  allegations must be enough to raise a right to relief above the speculative level.");

1  *Atlas IP*, 2016 U.S. Dist. LEXIS 64571, at *12-13 (citations omitted) ("Because

2  the failure to practice even a single element is all that separates innovation from

3  infringement, there is always an obvious alternative explanation where a plaintiff

4  does not allege facts about each element . . . .").[4]  Plaintiff's refusal (or inability) to

5  allege facts regarding required elements of the '722 patent is no excuse for failing

6  to meet the notice requirement of Rule 8 or the plausibility standard of *Iqbal* and

7  *Twombly*.   And as explained below, all of the asserted patents suffer this same

8  defect.

9        **A.**    **Plaintiff Has Not Sufficiently Pleaded Infringement Of The '729**

10              **Patent**

11        With respect to the '729 patent, Plaintiff states that the "Complaint provides

12  factual allegations" about "how the elements 'time code signal,' 'address

13  generator,' 'address signal,' or 'database storing a plurality of indicators' are met

14  by the accused Hulu Online Services."  (Opp. at 9.)  As support, Plaintiff relies on

15  a screenshot and paragraph 67.  The screenshot and allegations of paragraph 67,

16  however, say nothing about a "time code signal," "address generator," "address

17  signal," or "database storing a plurality of indicators."  (Dkt. No. 1 ("Compl.") ¶

18  67.)  Those words are not even used.

19        Plaintiff attempts to remedy the plain deficiencies of its Complaint by

20  relying on an annotated screenshot of a Hulu webpage and explaining how the

21  annotations purportedly identify certain claim elements of claim 1 of the '729

22  patent.  (Opp. at 9-10.)  But these annotations and the explanation ***appear nowhere***

23

---

24  [4]    Plaintiff also states that it does not know "how Hulu generates its time

25  codes, synchronizes those with the specific location of an actor's face, and stores

26  that as a tag."  (Opp. at 9.)  This arguably raises concerns under Rule 11.  Prior to

27  bringing a complaint, a plaintiff must have a reasonable belief that its factual contentions have evidentiary support.

28

1  *in the Complaint*.   And it is well settled that a plaintiff cannot supplement its

2  Complaint through its Opposition.  *See United States v. Corinthian Colleges*, 655

3  F.3d 984, 991 (9th Cir. 2011) ("[t]he focus of any Rule 12(b)(6) dismissal . . . is

4  the complaint."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

5  1555 n.19 (9th Cir. 1989) (a court deciding a motion to dismiss "may not consider

6  any material beyond the pleadings").   Plaintiff's reliance on annotations and

7  explanations found nowhere in its Complaint underscores the deficiency of the

8  Complaint.

9      Worse, Plaintiff's new annotations and corresponding explanation still fail to

10  allege any facts about what in the accused products constitute a "time code signal,"

11  "address generator" and "database storing a plurality of indicators."   The

12  Opposition never ties these claim terms to anything in the accused products.

13  (Opp. at 9-11 (failing to even use the words "time code signal," "address

14  generator" and "database storing a plurality of indicators" in purported explanation

15  of how these claim elements are present in the accused products).)

16      Because Plaintiff cannot allege any facts about these limitations, it argues

17  that it should be excused from doing so because "[t]he specifics of how Hulu

18  generates its time codes, synchronizes those with the specific location of an actor's

19  face, and stores that as a tag are not readily apparent from a use and inspection of

20  the Hulu service."  (Opp. at 11.)  But this is precisely what the Supreme Court

21  rejected in *Iqbal*.   There, the Supreme Court considered whether a deficient

22  pleading could be excused by the careful management of discovery.  *Iqbal*, 556

23  U.S. at 684-86.  The Supreme Court concluded it could not: "Because respondent's

24  complaint is deficient under Rule 8, he is not entitled to discovery, cabined or

25  otherwise."  *Id.* at 686.  Indeed, "Rule 8 . . . does not unlock the doors of discovery

26  for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.  Plaintiff

27  cannot use an inadequate complaint as an excuse to open discovery and fish for an

28  infringement claim.

1   Moreover, no matter how many times Plaintiff states that its allegations are
2   "clearly sufficient" or provide a "significant disclosure of each and every element
3   of the exemplary claim" (Opp. at 11), the facts speak otherwise.  (*See* Mot. at 6-7.)
4   Set forth below is a chart of claim 1 of the '729 patent and a generous
5   identification of which claim elements Plaintiff has arguably provided a factual
6   contention for.  Based on the below, it is simply not reasonable to conclude that
7   this claim is infringed:

| '729 Patent Claim 1 | Complaint: |
|---|---|
| A method of generating and inserting indicators into a video stream, said method comprising: | Arguably addressed at paragraph 67 |
| generating a time code signal that is synchronized with the video stream; | No allegation |
| applying the time code signal to an address generator that decodes the time code signal and generates a corresponding address signal | No allegation |
| applying the corresponding address signal to a database, said database storing a plurality of indicators | No allegation |
| accessing a set of indicators that are stored in said database using said address signal as an address into said database | No allegation |
| encoding said video stream with said set of indicators accessed from said database using said address signal. | Arguably partially addressed at paragraph 67 |

25   Plaintiff's infringement claim for the '729 patent is speculative. (Mot. at 6-7.)  The
26   Complaint should be dismissed.

## B.   Plaintiff Has Not Sufficiently Pleaded Infringement Of The '746 Patent

According to Plaintiff, "[w]hen the Court takes a comprehensive view of the Complaint, it is readily apparent how Hulu's Online Services infringe claim 1 of the '746 patent."  (Opp. at 13.)  Plaintiff is wrong.  As Hulu explained in its Motion, the Complaint is silent as to at least *three* claim elements: (1) "third slices," (2) "decoding" certain slices and (3) "discarding" certain slices.  (Mot. at 9 (citing '746 patent, claim 1).)  Plaintiff identifies nothing in its Complaint nor Opposition that remedies these deficiencies.

*First*, Plaintiff points to paragraph 38 of the Complaint.  (Opp. at 12.)  But this paragraph merely states that the accused product has "a page that includes unreplaceable slices and replaceable slices."  Paragraph 38 never identifies the required "third slices" and never identifies "decoding" or "discarding" any slices. (Mot. at 8-9.)  In fact, paragraph 38 never even uses the terms "third," "decoding," or "discarding."

*Second*, Plaintiff points to the screenshot between paragraphs 38 and 39. Plaintiff's emphasis on screenshots is misplaced.  This screenshot is simply as the Plaintiff says, "a webpage from the Hulu website displayed on, for instance, a computer."  *Id.*  Beyond identifying the webpage, this screenshot provides no detail about what Plaintiff alleges qualifies as "third slices," "decoding" certain slices, and "discarding" certain slices.

*Third*, Plaintiff points to Paragraphs 15-17 of the Complaint.  (Opp. at 12.) Again, this does not cure the problem.  These paragraphs, at most, identify the universe of potentially accused products: Hulu's "online video services."  (Compl. ¶ 17.)  They do not address the '746 patent specifically, and provide no further factual detail about Plaintiff's infringement allegations.

Plaintiff again tries to cure its deficient complaint by alleging new facts and offering new explanations in its Opposition, but this is legally improper.

*Corinthian Colleges*, 655 F.3d at 991.  Moreover, the additional explanation still fails to allege facts for these elements.  At most, Plaintiff appears to hint for the first time in its Opposition that the green stars corresponding to "One Punch Man" are "third slices," but Plaintiff never ties these green stars to an actual claim limitation (e.g., "third slices corresponding to a first insert picture of said insert pictures").  (Opp. at 12.)  And there is not even a hint as to what parts of Hulu's products allegedly meet the required "decoding" and "discarding" steps.  Plaintiff fails to adequately plead infringement for the '746 patent.  (Mot. at 8-9.)

### C.   Plaintiff Has Not Sufficiently Pleaded Infringement Of The Remaining Patents

Plaintiff's Complaint fails to sufficiently plead infringement as to the remaining asserted patents.  As to the '722 patent, as noted above, Plaintiff ***admits*** that the Complaint contains no allegation about how the accused devices "stor[e] the profile information ***in a hierarchical attribute value-pair data structure***."  (Opp. at 14.)  Thus, it is impossible to infer that the accused devices meet this limitation and impossible to infer infringement.  Plaintiff's allegations regarding the '541 patent similarly ignore the "storing the user profile in a hierarchical attribute value-pair data structure" limitation and fail for the same reason.[5]

For the '139 patent, the Complaint fails to plead any facts about how the online content is played "in conjunction" with the program as required by the claims.  (Mot. at 10.)  In fact, the Complaint shows ***separate*** screenshots, one with the program and the other with the commercial.  (Compl. ¶ 57.)  This is the

---

[5]   Plaintiff argues that it is "not required to anticipate and rebut possible non-infringing alternatives, such as some other possible way to store user profiles." This is misleading.  The problem is not that the Complaint fails to "rebut" anything.  The problem is that the Complaint is ***silent*** about how user profiles are stored and ***silent*** about the use of a "hierarchical attribute value-pair data structure."  (Opp. at 14.)

1  opposite of what the claims require.  Plaintiff provides no explanation for this.

2  Infringement is not plausible.

3      For the '181 patent, the Complaint fails to plead any facts about how the

4  "internet information segments" are displayed at "***predetermined*** times."  (Mot. at

5  10.)  The Complaint, at most, pleads that the internet information segments are

6  displayed upon user selection.  (Compl. ¶ 28.)  The Opposition does not and cannot

7  remedy this deficiency.

8      Finally, for the '327 patent, the Complaint fails to allege any facts about an

9  "electronic program guide."  (Mot. at 10.)  Plaintiff asserts that "it is certainly

10 facially plausible that Hulu uses an electronic program guide", but then provides a

11 confusing explanation related to allegations concerning a user's ability to sign up

12 for limited commercial viewing, an "interactive control bar," and advertisement

13 breaks identified by "timing offsets."  Plaintiff never explains how any of these

14 things, alone or combined, are an "electronic program guide."  (*Id.* at 16-17.)

15 Plaintiff's attempts at obfuscation cannot mask the fact that its allegations are

16 deficient.

17 **V.      CONCLUSION**

18     Plaintiff fails to satisfy the pleading requirements of Rule 8 as interpreted by

19 the Supreme Court in *Iqbal* and *Twombly*.  Hulu respectfully request that its

20 motion to dismiss be granted, and Plaintiff's Complaint be dismissed in its entirety.

21

22

23

24

25

26

27

28

Dated:  June 27, 2016

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Robert Steinberg*
Robert Steinberg

ROBERT STEINBERG, Bar No. 126407
bob.steinberg@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 485.1234
Facsimile:  (213) 891.8763

CLEMENT J. NAPLES (*admitted pro hac vice*)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue Suite 1000
New York, NY 10022
Telephone: (212) 906.1200
Facsimile: (212) 751.4864

JULIE HOLLOWAY, Bar No. 196942
julie.holloway@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street Suite 2000
San Francisco, CA 94111
Telephone: (415) 391.0600
Facsimile: (415) 395.8095

RON E. SHULMAN, Bar No. 178263
ron.shulman@lw.com
S. GIRI PATHMANABAN, Bar No. 284802
giri.pathmanaban@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328.4600
Facsimile:  (650) 463.2600

DEFENDANT HULU, LLC'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
Case No. 2:16-cv-01785-AB-PJW

GABRIEL K. BELL (*admitted pro hac vice*)
gabriel.bell@lw.com
JAMES R. BENDER (*admitted pro hac vice*)
james.bender@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004
Telephone: (202) 637.2200
Facsimile: (202) 637.2201

Attorneys for Defendant
HULU, LLC

DEFENDANT HULU, LLC'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
Case No. 2:16-cv-01785-AB-PJW